COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

RADMILA PAVLICEK

v.          Record No. 2420-94-1          OPINION BY
                                          JUDGE RICHARD S. BRAY
JERABEK, INC.,                            SEPTEMBER 12, 1995
 t/a MONASTERY RESTAURANT, ET AL.

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Karen M. Rye for appellant.

        Mary G. Commander (Goldblatt, Lipkin & Cohen, on
        brief), for appellee Jerabek, Inc., t/a Monastery
        Restaurant.

        No brief or argument for appellee Uninsured
        Employer's Fund.


        Incidental to an award of benefits to Radmila Pavlicek

(claimant) under the Virginia Workers' Compensation Act (Act),

claimant's counsel (counsel) petitioned the Workers' Compensation

Commission (commission) for attorney's fees payable from that

portion of the recovery "which benefits the . . . health care

provider[s]," pursuant to Code § 65.2-714.[1]  The commission denied

the relief, concluding that it did not relate to a "contested

claim," and claimant appeals.  Jerabek, Inc. (employer) urges that

we dismiss the appeal, contending that the health care providers

were indispensable, though excluded, parties.  Employer also

concurs in the commission's finding that the underlying claim was

not contested.  For the reasons that follow, we reverse the

decision.

---

        [1]Although not applicable to these proceedings, Code § 65.2-714
was amended during the 1995 session of the General Assembly.

The pertinent facts are substantially uncontroverted. On February 19, 1994, claimant was accidentally injured incidental to her employment. She subsequently retained counsel to pursue benefits under the Act, and a claim was lodged with the commission on March 11, 1994, accompanied by interrogatories and a request for production directed to employer. Employer received notice of the filing on March 12, 1994, and immediately retained counsel, Ms. Mary G. Commander, who "thereafter began [an] investigation into the facts of the injury, wages, insurance coverage, etc."

On March 30, 1994, the commission noticed employer and Lumbermen's Mutual Casualty Co. (Lumbermen's), then identified as employer's "carrier," of the pending claim, together with a request for related documentation. This correspondence was followed on April 1, 1994, by an order of the commission directing the "carrier" to complete and return attached form "Order(s)" reporting the status of the claim. In response, the commission received the "Employer's First Report Of Accident" from Ms. Commander on April 14, 1994, accompanied by a letter which expressed her "understanding that Kemper[2] will be assuming the handling, and defense, if any, of this claim." On that same date, however, Kemper notified the commission that it had declined coverage to employer.

Counsel acknowledged receipt of Ms. Commander's letter to the commission "regarding [the] insurance coverage issue" and requested

[2]Lumbermen's is related to the Kemper National Insurance Companies.

immediate clarification due to claimant's "financial hardship."  In later correspondence to Ms. Commander, dated April 22, 1994, counsel noted that "present information" indicated employer was "uninsured" and, again, requested a "timely" resolution of this issue.  On April 23, 1994, Ms. Commander answered:

> In response to your concern, the Commission has never been advised that there is coverage so I assume that they have been treating this (or should have been, in any event) as a case which should be handled through the Uninsured Fund. That has been my assumption throughout.  You may want to confirm this directly.

In the interim, counsel moved the commission, on April 4, 1994, to compel employer's response to the pending discovery.  Thereafter, on April 20, 1994, employer answered claimant's interrogatories, declaring its intention to assert the defense that "[c]laimant was a casual worker," not committed to "working on a regular basis," with a "full-time job elsewhere."[3]  Employer also reported claimant's wage at $12.00 per week, plus tips.  These responses prompted counsel to propound supplemental interrogatories to employer, "narrowly tailored" to the "casual worker" defense and wage issues.  By letter to counsel dated April 23, 1994, Ms. Commander then advised that she did "not believe that there is a defense to the claim" and denied the existence of "any records" of claimant's wages.

Pursuing the wage issue, counsel noticed employer to take the depositions of its employee, Anna Jerabek.  However, Ms. Commander

---

[3]Employer further noted that "[n]o other defenses are known at this time."

moved to quash, arguing that employer had "no idea whatsoever as to claimant's average weekly wage" and that the scheduled time and date conflicted with a prior commitment. The commission thereafter quashed the notice, "for good cause shown," and "encourage[d] the parties to discuss the issue of the average weekly wage and attempt to reach an agreement" before again pursuing depositions. When subsequent settlement negotiations proved unsuccessful, the wage issue was submitted for determination by the commission.

Following a hearing, the deputy, by opinion dated September 7, 1994, awarded temporary total disability and medical benefits to claimant, a fee to counsel and imposed a fine upon employer for failure to maintain the requisite insurance.[4] Counsel thereafter moved the commission to allow additional attorney's fees from those monies payable from the award to claimant's health care providers pursuant to Code § 65.2-714, mailing notice of this claim to the several providers in accordance with Rule 18 of the Workers' Compensation Commission Rules. Counsel also submitted to the commission numerous proposed orders, each of which was agreed to and endorsed by a named health care provider and allotted a specific fee to counsel from the award to such provider.

Before the commission acted on counsel's request, Ms. Commander objected, contending that the underlying claim was not contested and had not required "the services of an attorney" from

_____

[4]At the request of counsel, the award was ordered payable from the Uninsured Employer's Fund on October 3, 1994. No benefits were received by claimant from employer, voluntary or otherwise, from the date of the accident until payment from the uninsured fund.

"which the health care providers benefited."  Counsel disagreed

and, following much correspondence between counsel, Ms. Commander,

and the commission, a deputy determined that the original claim

"was not 'contested'" and "[t]he Commission does not have

jurisdiction to award attorney's fees, pursuant to Code § 65.2-714,

in uncontested cases."  On review, the commission concurred and

counsel now appeals to this Court.

**THE MOTION TO DISMISS**

As a threshold issue, employer urges us to dismiss the appeal

"for failure of the appellant/claimant to join all indispensable

parties."  A single health care provider among the many that served

claimant, Sentara Health System, Sentara Norfolk General Hospital

(Sentara), filed a like motion through employer's attorney, Ms.

Commander, despite its earlier endorsement, "Seen and Approved," of

a proposed order submitted to the commission which specifically

awarded attorney's fees to counsel.

Code § 65.2-714(A) provides, in pertinent part, that:

> Fees of attorneys and physicians and charges of
> hospitals for services, whether employed by
> employer, employee or insurance carrier under
> this title, shall be subject to the approval
> and award of the Commission.

Id.  Further,

> [i]f a contested claim is held to be
> compensable under this title and, after a
> hearing on the claim on its merits or after
> abandonment of a defense by the employer or
> insurance carrier, benefits for medical

services are awarded and inure to the benefit
of a third party insurance carrier or health
care provider, the Commission shall award to
the employee's attorney a reasonable fee and
other reasonable pro rata costs as are
appropriate from the sum which benefits the
third party insurance carrier or health care
provider.

Code § 65.2-714(B) (emphasis added).

Rule 18 of the Workers' Compensation Commission Rules
addresses consideration of those attorney's fees authorized by Code
§ 65.2-714.

An attorney's fee shall be awarded from sums
recovered for the benefit of a third-party
insurance carrier or a health care provider
pursuant to § 65.2-714, Code of Virginia, only
upon (1) evidence that such insurance carrier
or health care provider was given reasonable
notice that a motion for an award of such fee
would be made and (2) evidence of the sum due
such carrier or health care provider.

Employer does not dispute this well-established authority of

the commission to control the "fees" and "charges" of both

attorneys and health care providers or the sufficiency of notice

attending counsel's claim in this instance.  Rather, employer

contends that the claim, related proceedings, and disposition

necessitated a joinder of the health care providers as parties to

this appeal.  Employer reasons that the "health care providers are

the ones from whom a substantial amount of money is sought" and,

therefore, each must be "named . . . appellees" and "provided with

a copy of the Notice of Appeal."

This argument ignores the procedural history of the claim.

Despite notice, the record discloses that no health care provider

sought party status at any time during the proceedings before the commission. Providers, including Sentara, appear in the record before the commission only to concur in the claim, joining in proposed orders awarding fees to counsel from the funds payable to each. Sentara's challenge and assertion of a right to party status is first raised before this Court in a motion to dismiss the appeal. Employer likewise first argued on appeal that the health care providers were indispensable parties.

However, the question of party status to a health care provider in proceedings before the commission incidental to Code § 65.2-714 claims is a matter for determination by the commission in the context of applicable statutes and rules of procedure. See Dep't of Game and Inland Fisheries v. Joyce, 147 Va. 89, 93-94, 136 S.E. 651, 653 (1927). Moreover, it is well established that this Court will not entertain issues first raised on appeal. Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988) (citing Rule 5A:18). Review of the posture of employer, Sentara, and the remaining health care providers on the record before the commission illustrates the wisdom of this rule. We, therefore, decline to now entertain the procedural complaints of employer and Sentara and overrule the motions.

## THE CLAIM

In denying counsel's prayer for attorney's fees pursuant to Code § 65.2-714(B), the commission determined that the underlying claim was not "contested" as contemplated by the statute. It is well established that "[f]actual findings by the commission that

- 7 -

are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993) (citing Code § 65.2-706). However, when the facts are undisputed, as here, their interpretation becomes a matter of law. Wells v. Commonwealth, Dep't of Transp., 15 Va. App. 561, 563, 425 S.E.2d 536, 537 (1993). "We are required to construe the law as it is written" and "'[a]n erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'" Commonwealth v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990) (citation omitted). The "clear and unambiguous" words of a statute must be accorded "their plain meaning." Diggs v. Commonwealth, 6 Va. App. 300, 302, 369 S.E.2d 199, 200 (1988).

Here, we find that the words, "contested claim" in Code § 65.2-714 simply reflect the legislative requirement that the "dispute, contention, or litigation," Webster's Ninth New Collegiate Dictionary 283 (1989) (defining "contest"), combine with other specified circumstances attending a "claim . . . held . . . compensable," before attorney's fees "shall [be] award[ed]" incidental to "benefits for medical services" arising from the claim which "inure to . . . a third party." Code § 65.2-714(B). The record reflects considerable dispute and contention from the inception of the underlying claim and the related litigation is manifest. Employer immediately retained counsel, expressly asserted (only to later abandon) a "casual worker" defense,

mistakenly claimed insurance coverage, and obfuscated evidence of claimant's earnings.  Clearly, confusion and delay attributable to employer needlessly complicated and protracted the proceedings, leaving claimant without benefits for months while counsel pursued clarification, discovery, and negotiation with employer.  Finally, the wage issue remained unresolved and required determination by the commission.

Under such circumstances, we find that the claim was contested, as a matter of law, by a recalcitrant employer, necessitating the assistance of counsel to successfully obtain benefits both to claimant and the health care providers. Accordingly, we reverse the decision of the commission and remand for a determination of reasonable and appropriate attorney's fees to counsel pursuant to Code § 65.2-714(B).

<u>Reversed and remanded.</u>
