COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


DANVILLE RADIOLOGISTS, INC.

v.        Record No. 2202-95-3                    OPINION BY
                                        JUDGE JOHANNA L. FITZPATRICK
RAYMOND PERKINS                              MAY 21, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert T. Vaughan, Jr. (Daniel, Vaughan,
            Medley & Smitherman, P.C., on brief), for
            appellant.

            No brief or argument for appellee.


     In this workers' compensation case, Danville Radiologists,

Inc. (appellant) appeals the commission's award of attorney's

fees to the attorney of Raymond Perkins (claimant).  The sole

question presented is <u>when</u> an attorney's fee award pursuant to

Code § 65.2-714 must be paid.  Appellant argues that the

commission erred in requiring it to pay attorney's fees under

Code § 65.2-714 before it had been reimbursed for the medical

services provided to claimant.  For the reasons that follow, we

reverse the commission's award.

     Claimant was injured on March 25, 1993, while working as a

part-time truck driver for Schoolfield Lumber & Plywood, Inc.

(employer).  After a hearing on December 21, 1993, an award for

temporary total disability was entered.  On February 17, 1994,

claimant's counsel requested an award of attorney's fees from the

amount that inured to the benefit of six medical health care

providers pursuant to Code § 65.2-714.  Appellant and the other health care providers failed to reach an agreement with claimant's attorney, and the matter was referred to the commission for dispute resolution.  On June 7, 1994, a deputy commissioner held that attorney's fees were not appropriate at that time because no evidence showed that the health care providers had been reimbursed.

Claimant's counsel filed a second request for fees on March 7, 1995.  Appellant argued that the bill for services against which the fee was to be assessed had not yet been paid.  Although employer had paid some of the health care providers, appellant had not received any reimbursement for the medical services provided to claimant related to his industrial accident.  A second deputy commissioner determined that claimant's attorney was entitled to fees from all of the medical health care providers, including appellant.  Appellant requested a review of this decision, and the full commission affirmed.  The commission ordered appellant to pay the attorney's fees and stated as follows:  "[Appellant] is subject to § 65.2-714, even if the bill has not been paid by the employer.  The Code section permits a fee when the Commission awards benefits for medical services that inure to the medical care provider.  The award that obligated the employer to provide medical services established the benefit that inured to [appellant]."

Appellant argues that the plain language of Code

2

§ 65.2-714(B) mandates that the amounts awarded as a benefit to a health care provider must be paid before the health care provider can be required to pay attorney's fees.

Code § 65.2-714 provides as follows:

A.  Fees of attorneys and physicians and charges of hospitals for services, whether employed by employer, employee or insurance carrier under this title, shall be subject to the approval and award of the Commission.  In addition to the provisions of Chapter 13 (§ 65.2-1300 et seq.) of this title, the Commission shall have exclusive jurisdiction over all disputes concerning such fees or charges and may order the repayment of the amount of any fee which has already been paid that it determines to be excessive; appeals from any Commission determinations thereon shall be taken as provided in § 65.2-706.  No physician shall be entitled to collect fees from an employer or insurance carrier until he has made the reports required by the Commission in connection with the case.

B.  If a contested claim is held to be compensable under this title and, after a hearing on the claim on its merits or after abandonment of a defense by the employer or insurance carrier, benefits for medical services are awarded and inure to the benefit of a third party insurance carrier or health care provider, the Commission shall award to the employee's attorney a reasonable fee and other reasonable pro rata costs as are appropriate from the sum which benefits the third party insurance carrier or health care provider.  Such fees shall be based on the amount paid by the employer or insurance carrier to the third party insurance carrier or health care provider for medical, surgical and hospital service rendered to the employee . . . .

(Emphasis added).  When parties fail to agree on attorney's fees under Code § 65.2-714, "[a]n attorney's fee shall be awarded from

3

<u>sums recovered</u> for the benefit of . . . a health care provider . . . upon filing of a statement including the name and address of each . . . provider from whom the fee is requested, the <u>amount of the medical charge recovered for each . . . provider</u> and the amount of the fee requested." Rule 6.2(A), Rules of the Virginia Workers' Compensation Commission (emphasis added).[1]

Under Code § 65.2-714(A), the commission has authority "to control the 'fees' and 'charges' of both attorneys and health care providers." <u>Pavlicek v. Jerabek, Inc.</u>, 21 Va. App. 50, 56, 461 S.E.2d 424, 427 (1995). However, "'[w]e are required to construe the law as it is written' and '[a]n erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'" <u>Id.</u> at 58, 461 S.E.2d at 428 (quoting <u>Commonwealth, Dep't. of Mines, Minerals & Energy v. May Bros., Inc.</u>, 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990)). "It is a well settled principle that '[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction.'" <u>Tumlin v. Goodyear Tire & Rubber Co.</u>, 18 Va. App. 375, 381, 444 S.E.2d 22, 25 (1994) (quoting <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

---

[1] Effective January 1994, former Rule 18 of the Rules of the Virginia Workers' Compensation Commission was restructured as Rules 6.1 and 6.2. Under Rule 18, a claimant's counsel seeking attorney's fees from health care providers was required to "state the amount of the <u>payment or reimbursement</u> upon which the request for fee is based." <u>Sines v. Better Homes Realty, Inc.</u>, 66 O.I.C. 162, 165 (1987) (emphasis added).

4

The relevant language of Code § 65.2-714(B) provides that "the Commission shall award to the employee's attorney a reasonable fee and other reasonable pro rata costs as are appropriate <u>from the sum which benefits the third party insurance carrier or health care provider.  Such fees shall be based on the amount paid by the employer or insurance carrier to the third party insurance carrier or health care provider</u> for medical, surgical and hospital service rendered to the employee." (Emphasis added).  Because attorney's fees are to be "based on the amount paid by the employer . . . to the . . . health care provider," the amount of attorney's fees payable by a particular health care provider cannot possibly be determined until <u>after</u> the employer pays the provider.  Similarly, Rule 6.2(A) allows attorney's fees to be awarded "<u>from sums recovered</u> for the benefit of . . . a health care provider" and requires a claimant's attorney to file a statement including "the <u>amount of the medical charge recovered for each . . . provider</u>."  (Emphasis added).  This language indicates that, until a health care provider has been reimbursed by the employer, a claimant's attorney cannot file the required statement listing the amount of medical charges recovered by the provider.

We hold that Code § 65.2-714(B) requires payment by the health care provider of its pro rata share of an award of attorney's fees only after the provider has received reimbursement from the employer or its insurer.  In this case, no

5

evidence indicates that employer has reimbursed appellant for any medical services provided to claimant.  Thus, the commission erred in ordering appellant to pay attorney's fees to claimant's counsel.

Accordingly, the decision of the commission is reversed.

<u>Reversed</u>.