COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

ROSARIO RUIZ DOMINGUEZ

                                                    MEMORANDUM OPINION* BY
v.         Record No. 0671-16-4                     JUDGE ROSSIE D. ALSTON, JR
                                                    MARCH 28, 2017

HARDEE'S AND TRAVELERS INDEMNITY
 COMPANY OF AMERICA


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Diane C.H. McNamara (The Law Office of Diane C.H.
          McNamara, on brief), for appellant.

          Scott E. Snyder (Law Offices of Mark J. Beachy, on brief), for
          appellees.


        Rosario Ruiz Dominguez (appellant) appeals the decision of the Workers' Compensation

Commission (Commission) finding that appellant is not entitled to cost of living adjustments

(COLA) under Code § 65.2-709.  Appellant argues that the Commission erred as a matter of law

in denying her request for COLA benefits.  We affirm the decision of the Commission.

                                          BACKGROUND

        On August 26, 2013, appellant suffered an industrial accident while working at a

Hardee's restaurant, sustaining compensable injuries to her head and neck.  She also suffered a

concussion.  On March 14, 2014, a stipulated order was entered stating that appellant's average

weekly wage at the time of the injury was $221.65, with a corresponding compensation rate of

$221.65.  It also included the periods of time that appellant was entitled to disability benefits,

specifically:  temporary total disability beginning September 11, 2013, through October 14,

_____

        *Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2013, inclusive, at a rate of $221.65, based on pre-injury average weekly wage of $221.65; temporary partial disability beginning October 15, 2013, through December 8, 2013, inclusive, at a rate of $36.10 based on a post-injury average weekly wage of $167.50, as compared to a pre-injury average weekly wage of $221.65; and temporary total disability beginning December 9, 2013, through the present and continuing, at a rate of $221.65, based on a pre-injury average weekly wage of $221.65. Medical benefits were also awarded for as long as necessary.

On November 13, 2014, appellant filed an application for COLA benefits and requested a hearing. The Commission rejected appellant's claim on December 11, 2014, because she did not include the social security benefit information form with the application. On that same date, appellant filed a new application for COLA benefits with the necessary social security benefit information. The Commission issued a "Notification of COLA Entitlement" on January 15, 2015, and on this document there was a note stating that "[appellant] is not entitled to COLA because she is receiving [one-hundred percent] of her average weekly wage. She is receiving more than [eighty percent]."

A hearing took place on June 30, 2015, before a deputy commissioner. In an opinion issued on October 5, 2015, the deputy commissioner cited <u>Davis v. Alternative Community and American Zurich Insurance Co.</u>, JCN 2179951, 2013 VA Wrk. Comp. LEXIS 1658 (VA Wrk. Comp. May 7, 2013), when determining that appellant's temporary total disability rate of $221.65 exceeded eighty percent of her established pre-injury average weekly wage of $221.65. Thus, pursuant to Code § 65.2-709, appellant was not entitled to COLA benefits. Accordingly, the deputy commissioner denied appellant's claim and dismissed the case.

Appellant filed a request for review on October 19, 2015. The Commission reviewed the deputy commissioner's opinion and issued its own opinion with a majority of the Commission affirming the deputy commissioner's decision. This appeal followed.

ANALYSIS

Appellant argues that the Commission erred as a matter of law by denying her request for COLA benefits. We disagree.

Statutory interpretation is a pure question of law, which is reviewed *de novo*. Prince William Cnty. Sch. Bd. v. Rahim, 58 Va. App. 493, 499-500, 711 S.E.2d 241, 244 (2011). This Court is "'required to construe the law as it is written' and 'an erroneous construction by [the Commission] cannot be permitted to override the clear mandates of [the] statute.'" Danville Radiologists, Inc. v. Perkins, 22 Va. App. 454, 458, 470 S.E.2d 602, 604 (1996) (quoting Pavlicek v. Jerabek, Inc., 21 Va. App. 50, 58, 461 S.E.2d 424, 428 (1995)). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citing Campbell v. Harmon, 271 Va. 590, 597-98, 628 S.E.2d 308, 311-12 (2006); Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006)). "[W]e must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Id. (citing Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925-26 (2006); Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003); Woods v. Mendez, 265 Va. 68, 74-75, 574 S.E.2d 263, 266 (2003)).

At issue in the instant matter, is the entitlement to cost of living supplements, which are governed pursuant to the Code § 65.2-709. The plain language of the statute identifies the threshold level of entitlement as a cost of living supplement. Code § 65.2-709(A) sets the framework for determining whether a claimant is eligible for a cost of living supplement. The statute states, in part:

> In the event that the combined disability benefit entitlement of a claimant or his dependents under this title and the Federal Old-Age

> Survivors and Disability Insurance Act is less than eighty percent
> of the average monthly earnings of the claimant before disability or
> death, cost of living supplement shall be payable, in addition to the
> other benefits payable under this title, in accordance with the
> provision of this section.

This means that when determining whether or not appellant is eligible for COLA benefits it must be determined whether or not a claimant's combined disability benefit entitlement is over eighty percent of her average monthly earnings.

In this case, the parties stipulated to several facts in an order from March 2014. These facts included that appellant's average pre-injury weekly wage was $221.65, and the compensation rate she received was $221.65. This is one hundred percent of appellant's average pre-injury weekly wage. Thus, looking to the plain meaning of Code § 65.2-709(A), appellant is ineligible for any COLA benefits.

This finding is consistent with governing case law. In Atchison v. May Department Stores Company, 225 Va. 525, 532, 304 S.E.2d 640, 644 (1983), the Supreme Court of Virginia held that the Commission was correct in concluding that the claimant therein was not entitled to prior or future supplements so long as his social security payment and basic award claimant received equaled eighty percent of the average monthly wage. Similarly, in the recent Commission opinion in Davis, 2013 VA. Wrk. Comp. LEXIS 1658, the Commission found that the plain language of Code § 65.2-709 does not entitle a claimant to receive a cost of living supplement if the claimant's combined entitlement under the Virginia Workers' Compensation Act and the Social Security Administration is eighty percent or more of their pre-injury average weekly wage. The Commission found that it could not interpret the statute to mean that claimants who were not receiving social security disability benefits were automatically entitled to COLA benefits even if their compensation rate was over eighty percent of their pre-injury average weekly wage. Id. at *4. Thus, the claimant in that case received a minimum

compensation rate of $172.74, which was more than eighty percent of her pre-injury average weekly wage of $197.47, and as a result, she was not entitled to COLA benefits. Id. at *5.

By the same token, appellant in this case received an award of over eighty percent of her monthly average pay and is not entitled to future supplements.

Appellant relies on cases Clinchfield Coal Company v. Anderson 222 Va. 62, 67, 278 S.E.2d 817, 820 (1981), and Nakpodia v. Marriott Corporation and Liberty Mutual Insurance Company, 60 O.I.C. 322 (1982), to support her contention that she is entitled to a cost of living supplement. However, both cases stand for the proposition that even though a full cost of living supplement causes a claimant's total compensation benefits to exceed the weekly average, such a supplement can still be awarded *if the total amount of compensation before that is less than eighty percent of the average monthly wage.* Thus, these principles do not apply unless appellant's total amount of compensation before receiving cost of living supplements equals less than eighty percent.

Appellant in this case is not receiving any money from the Social Security Administration, but her minimum compensation rate of $221.65 is one hundred percent of her pre-injury average weekly wage. The plain language of Code § 65.2-709 does not entitle a claimant to receive a cost of living supplement if the claimant's combined entitlement under the Virginia Workers' Compensation Act and the Social Security Administration is eighty percent or more of their pre-injury average weekly wage. Accordingly, we affirm the Commission's decision.

Affirmed.