COURT OF APPEALS OF VIRGINIA

Present: Judges Barrow[*], Koontz and Fitzpatrick
Argued at Alexandria, Virginia

TWENTY-FIRST CENTURY CONCRETE,
 INC. AND AMERICAN RELIANCE
 INSURANCE COMPANY

v.          Record No. 1621-94-4

VINCENT GIACCHINA, HOMES BY
 VINCENT, INC. AND ASSURANCE
 COMPANY OF AMERICA                        OPINION BY
                                  JUDGE JOHANNA L. FITZPATRICK
VINCENT GIACCHINA                        MAY 16, 1995

v.          Record No. 1645-94-4

TWENTY-FIRST CENTURY CONCRETE,
 INC., AMERICAN RELIANCE
 INSURANCE COMPANY, HOMES BY
 VINCENT, INC. AND ASSURANCE
 COMPANY OF AMERICA


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Cathie Howard (Richard A. Hobson; Williams & Pierce, on
        brief), for appellants/cross-appellees Twenty-First Century
        Concrete, Inc. and American Reliance Insurance Company.

        T. Chappell Aldridge for appellee/cross-appellant Vincent
        Giacchina.

        P. Dawn Bishop (Sands, Anderson, Marks & Miller, on brief),
        for appellees/cross-appellees Homes By Vincent, Inc. and
        Assurance Company of America.


        On appeal, Twenty-First Century Concrete, Inc. (Twenty-

First) contends that the commission erred in finding Vincent

Giacchina (claimant) to be in the joint service of both Twenty-

First and Homes by Vincent, Inc. (Homes) at the time of the

injury.  As cross-error, claimant argues that the commission

_____
        [*]Judge Barrow participated in the hearing and decision of
this case and joined in the opinion prior to his death.

erred in denying his application for temporary total disability benefits under Code § 65.2-500 because he failed to prove actual wage loss and a loss to Twenty-First and Homes, corporations in which he had a substantial ownership interest. We hold that: (1) credible evidence supports the commission's finding that claimant was in the joint service of both employers, and (2) the commission erred in requiring a financial loss to the corporations as a prerequisite to compensation.

## BACKGROUND

Claimant was both chief executive officer and a working employee of Twenty-First and Homes. In February 1993, Homes was the general contractor and Twenty-First was the concrete subcontractor in the construction of a new home. Claimant, acting as an employee of Twenty-First, poured concrete for a fireplace hearth on February 24, 1993. The next day, he returned to the work site for a progress inspection and to check the hearth. After claimant inspected the hearth, one of the on-site carpenters asked him to check a second-story stud wall that had been recently changed. Claimant climbed a ladder to look at the stud wall and to check the chimney flue's alignment with the roof. Claimant fell from the ladder and fractured several ribs.

Before the accident, claimant received a salary from both corporations "by regular check or as needed," and he had authority to decide how much money to withdraw. Claimant did not draw income from either corporation during his period of

2

disability.  The construction of the house continued, and claimant was required to reassign other employees to cover for his absence.  The parties agree that claimant sustained an injury by accident arising out of and in the course of his employment, which rendered him totally disabled from February 25, 1993 until May 20, 1993.  Additionally, the parties stipulated that his combined average weekly wage using his 1992 W-2 statements is $1,025.13.  Each employer argues that:  (1) claimant was working for the other corporation at the time of the accident, and (2) because the corporations suffered no actual loss, and claimant was paid by draws over which he had control, he sustained no wage loss.

## JOINT EMPLOYER LIABILITY

Twenty-First argues that the commission erred in finding that claimant was in the joint service of both employers when he was injured.

Code § 65.2-529 of the Workers' Compensation Act provides that:

> [w]henever any employee for whose injury or death compensation is payable under this [Act] shall at the time of the injury be in the joint service of two or more employers subject to this title, such employers shall contribute to the payment of such compensation in proportion to their wage liability to such employee.

On appeal, "we review the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "Factual findings of

3

the . . . [c]ommission will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989).

Credible evidence supports the commission's finding that claimant was working for both employers at the time of the accident. Although the deputy commissioner found only Homes liable for benefits, he found claimant "very candid in his admission that he . . . was engaged in the work of both employers when he was ascending the ladder to inspect the chimney and stud wall." The full commission adopted this credibility finding and accepted claimant's testimony that he was performing work for both employers when he fell.

## WAGE LOSS

Both employers argue that claimant did not sustain a wage loss as a result of his accident because: (1) he had the authority to draw his regular income from the corporations, and (2) the corporations did not suffer any monetary loss.

At the hearing before the deputy commissioner, the parties stipulated that: (1) claimant's injury arose out of and in the course of his employment, and (2) claimant's average weekly wage could be determined from his 1992 W-2 statements. The W-2 statements showed claimant's combined income from both employers to be $53,307, with an average weekly wage of $1,025.13. Neither employer disputed that claimant was totally disabled as a result of the accident from February 25, 1993 to May 20, 1993.

4

Code § 65.2-500(A) provides the compensation formula in total disability cases:

> When the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity, a weekly compensation equal to 66 2/3 percent of his average weekly wages, with a minimum not less than 25 percent and a maximum of not more than 100 percent of the average weekly wage of the Commonwealth as defined herein.

"Benefits under [Code §§ 65.2-500 and 65.2-502] for total and partial incapacity compensate the employee for loss of earnings resulting from the injury." Crystal Oil Co., Inc. v. Dotson, 12 Va. App. 1014, 1020-21, 408 S.E.2d 252, 255 (1991). "The extent of earning capacity must be ascertained from the evidence, and such is not limited to any special class of proof. All legal facts and circumstances surrounding the claim should properly be considered . . . ." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986). Compensation in both total and partial disability cases "is ultimately dependent upon and determined on the loss of wages." Nicely v. Virginia Elec. & Power Co., 195 Va. 819, 823, 80 S.E.2d 529, 531 (1954).

The parties agree that the characterization of draw as pure profits or profits and earnings is not an issue on appeal. We hold that the commission erred in finding no loss of earning capacity or actual wage loss. We hold that the commission erred in finding that claimant did not experience any actual wage loss. Claimant was totally incapacitated and earned no wages for the

5

period February 25, 1993 to May 20, 1993. Thus, even though claimant had authority to draw wages from the corporations, he was not paid because he had to reassign other employees to perform his duties. Additionally, we find no authority that requires a worker to show a loss to his employer, even when the worker is part owner of the employer corporation. Workers' compensation benefits compensate the worker for his own loss of earnings or earning capacity, not losses suffered by his or her employer. In this case, claimant should be compensated as a worker for his loss of earning capacity caused by his work-related injury.

Accordingly, we affirm the commission's finding that claimant was in the joint service of both employers and reverse the commission's denial of benefits.

Affirmed in part,
reversed in part,
and remanded.

6