COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Alexandria, Virginia


ARLINGTON COUNTY FIRE DEPARTMENT

v.         Record No. 1199-95-4            OPINION BY
                                      JUDGE NELSON T. OVERTON
DAVID W. STEBBINS                        JANUARY 30, 1996

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Anthony P. Hudgins, Assistant County Attorney
        (Barbara S. Drake, County Attorney, on
        briefs), for appellant.

        Laurie D. Waters (Michael A. Kernbach; Jack T.
        Burgess & Associates, P.C., on brief), for
        appellee.


    In this appeal we consider whether a claimant who has been
voluntarily retired and unemployed for the preceding fifty-two
weeks may be awarded compensation for lost wages while recovering
from a work-related disease.  We hold that he may not, and we
reverse the decision of the commission.

    David Stebbins was employed as a firefighter and a paramedic
for the Arlington County Fire Department until his voluntary
retirement in February, 1992.  Since that time, he has not worked
full-time in any position; he has only worked as a part-time
doorman at a local bar and as a volunteer at a small store.  The
record contains no evidence of any income from these activities.

    From June 2 to October 7, 1994, Stebbins was incapacitated
due to heart disease and subsequent corrective surgery.[1]

_____

    [1] The commission found that Stebbins was entitled to the
heart/lung presumption provided for firefighters pursuant to Code
§ 65.2-402(B).  The employer does not raise this issue on appeal.

Stebbins applied for lost wages and medical benefits for this period, claiming total work incapacity. The commission awarded him compensation for total work incapacity at a weekly rate of $451. The commission based this amount on Stebbins' salary before he retired in 1992 or a similar fire department employee's salary in 1994, both of which were higher than the maximum compensation rate. Arlington County appeals the award of lost wages on the ground that Stebbins was neither employed nor seeking employment and therefore lost no actual income.

The purpose of the Workers' Compensation Act is to compensate employees when they lose an opportunity to engage in work after suffering work-related injuries. Potomac Edison Co. v. Cash, 18 Va. App. 629, 631, 446 S.E.2d 155, 156 (1994). Based on this purpose, the Act compensates injured employees for loss of earning capacity. Bosworth v. 7-Up Distrib. Co., 4 Va. App. 161, 163, 355 S.E.2d 339, 340 (1987). When an employee becomes totally incapacitated, the employer must pay during the period of incapacity a weekly compensation based on the employee's average weekly wage. Code § 65.2-500. The average weekly wage is defined as:

> The earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two.

Code § 65.2-101(1)(a).[2]

---

[2] The section also contains alternative methods of calculating an average weekly wage in special circumstances. When the employment prior to the injury extended

Under this formula, Stebbins is entitled to no compensation because he reported no earnings for the preceding fifty-two weeks. The result from this strict reading of the statute comports with the rationale found in prior Virginia cases. "The reason for calculating the average weekly wage is to approximate the *economic loss* suffered by an employee or his beneficiaries when there is a loss of earning capacity because of work-related injury or death." Bosworth, 4 Va. App. at 163, 355 S.E.2d at 340. Compensation is ultimately dependent upon and determined on the loss of wages. Twenty-First Century Concrete, Inc. v. Giacchina, 20 Va. App. 326, 331, 457 S.E.2d 379, 381 (1995)

---

over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided that results fair and just to both parties will be thereby obtained. When, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.
b. When for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

Code § 65.2-101(1)(a-b). The facts in this case do not justify resort to any of these alternative formulae.

(allowing compensation for actual lost wages for a claimant who had authority to draw wages but did not because he did not work); Nicely v. Virginia Elec. & Power Co., 195 Va. 819, 823, 80 S.E.2d 529, 531 (1954).

Stebbins suffered no loss of wages nor any economic loss. An award of compensation in these circumstances would result in a windfall to Stebbins and place him in a better economic position than he would have enjoyed absent an injury.  This outcome ignores the purpose of the Act, moving beyond compensation for loss of work ability and becoming a reward for intangible damages.  "A proceeding under the Act is not one for damages for a wrong done, but to obtain compensation for a loss sustained by reason of injury and disability."  Dillard v. Industrial Comm'n, 347 F. Supp. 71, 73 (E.D. Va. 1972), vacated on other grounds, 416 U.S. 783 (1974).

Stebbins argues that his retired status should not preclude him from receiving compensation.  For this proposition he cites, as does the commission below, Revard v. Fairfax County Bd. of Supervisors, 70 O.I.C. 154 (1991).  His argument fails to address the issue squarely.  Stebbins' *status* does not defeat his claim; his lack of income does.  Had Stebbins, as a retired firefighter, been employed at the time of his incapacity, he would have been entitled to compensation.  Stebbins may have been entitled to compensation if he had even been actively seeking employment on the basis of lost earning capacity.  Neither of these situations

comes before the Court.  The record before us demonstrates that Stebbins had no income for the preceding fifty-two weeks and that he was not attempting to earn income at the time of his incapacity.

Based on these facts, Stebbins cannot receive compensation for the period of his total incapacity.  The award of the commission is vacated.

Vacated.
