PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Stephenson, Senior Justice

ROBERT RUSSELL NEWTON (DECEASED), ET AL.

                                   OPINION BY
v.  Record No. 991124    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                     April 21, 2000
FAIRFAX COUNTY POLICE DEPARTMENT/
  FAIRFAX COUNTY BOARD OF SUPERVISORS

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we determine whether the Court of Appeals erred in holding that the statutory beneficiaries of a deceased claimant are not entitled to an award of indemnity benefits under the Virginia Workers' Compensation Act, Code § 65.2-100 et seq. (the Act).

I

On July 23, 1996, the statutory beneficiaries of Robert R. Newton (the Claimants) filed with the Workers' Compensation Commission (the Commission) a claim for benefits against the Fairfax County Police Department and the Fairfax County Board of Supervisors (the Employer). The Claimants sought compensation and medical and funeral expenses pursuant to Code § 65.2-512 as a result of Newton's death caused by an occupational disease. The Employer accepted the claim as compensable and paid the medical and funeral expenses. The Employer, however, denied the claim for weekly indemnity benefits.

A deputy commissioner and, thereafter, the full commission decided that the Claimants were not entitled to indemnity

benefits because Newton had not received any wages in the 52 weeks preceding both his death and the date of the communication of the diagnosis of the disease.

On April 27, 1999, in an unpublished opinion, the Court of Appeals affirmed the Commission's decision.[1] We awarded this appeal, finding that the case has significant precedential value. Code § 17.1-410 (formerly Code § 17-116.07).

II

The facts are undisputed. Newton had worked for the Fairfax County Police Department for 21 years when, on December 11, 1993, he voluntarily retired. On May 23, 1996, Newton had received a communication of the diagnosis of heart disease, an occupational disease, and, on June 9, 1996, he suffered a fatal heart attack.

Newton had not sought employment during the 52-week periods preceding both the date of the communication of his diagnosis and the date of his death, and he had received no earnings from employment during those 52-week periods. During his retirement, Newton had received a monthly benefit of $2,459.44. Upon Newton's death, the monthly benefit payable to his wife

---

[1] Robert Russell Newton, et al. v. Fairfax County Police Department/Fairfax County Board of Supervisors, Record No. 1672-98-4.

2

decreased to $1,329.17.  Each minor child received a monthly benefit of $531.66.

### III

Code § 65.2-512(A) of the Act provides, in pertinent part, that, "[i]f death results from [an] accident within nine years, the employer shall pay . . . compensation in weekly payments equal to 66 2/3 percent of the employee's average weekly wages." Code § 65.2-101 defines "average weekly wage" to mean, in relevant part, "[t]he earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two."  With respect to claims based upon occupational disease, Code § 65.2-403(A) provides that the date of the "first communication of the diagnosis of an occupational disease to the employee or death of the employee resulting from an occupational disease . . . shall be treated as the happening of an injury by accident."

In denying the Claimants indemnity benefits, the Court of Appeals relied upon its holding in Arlington County Fire Dept. v. Stebbins, 21 Va. App. 570, 466 S.E.2d 124 (1996).  In Stebbins, the Court of Appeals held that a firefighter, who was disabled from heart disease, was not entitled to compensation for lost wages because he had earned no wages during the 52

weeks preceding his total incapacity.  The Court explained that the average weekly wage is calculated in order to approximate the economic loss sustained by an employee suffering from a work-related injury or by his statutory beneficiaries in the case of his work-related death.  Thus, the Court stated, "[c]ompensation is ultimately dependent upon and determined on the loss of wages."  Id. at 573, 466 S.E.2d at 126.

The Court of Appeals found the present case to be indistinguishable from Stebbins.  The Court concluded that, "[w]hether the employee became totally disabled due to an occupational disease after voluntary retirement, as in Stebbins, or whether the employee died due to an occupational disease after voluntary retirement, as in this case, does not alter the outcome."  In either event, the Court concluded, "the determination of the amount of any indemnity benefits due the employee or his . . . statutory beneficiaries would be based upon the employee's average weekly wage for the fifty-two weeks preceding the communication of the diagnosis of his occupational disease or his death as a result of that disease."  We agree.

Newton had voluntarily removed himself from employment more than two years before his death, and he was not even looking for work at the time of his death.  As with the employee in Stebbins, Newton had earned no wages during the 52 weeks preceding the date of the communication of the diagnosis of his

4

occupational disease, and, therefore, there was no economic loss.

The Claimants contend, however, that the Court of Appeals' holdings in Stebbins and the present case are "in clear conflict with the intent of the Workers' Compensation Act." They assert that, with respect to an occupational disease, the General Assembly intended the average-weekly-wage award to be based upon the wages received from the employment in which the employee was last exposed to the harmful element. Thus, according to the Claimants, their indemnity award should be based on the wages earned by Newton in the 52 weeks preceding the date he retired from the police department. In support of their contention, the Claimants rely upon Roller v. Basic Construction Co., 238 Va. 321, 384 S.E.2d 323 (1989), and C & P Telephone Co. v. Williams, 10 Va. App. 516, 392 S.E.2d 846 (1990).

Roller is inapposite. There, we did not consider the issue that is before us in the present case. The sole issue in Roller was whether a claimant's right to benefits was barred by the statute of limitations.

Williams is distinguishable in that, in Williams, the employee earned wages during the 52-week period prior to the date of the communication to him of the diagnosis of his occupational disease. Therefore, the employee had sustained an economic loss at the time of the termination of his employment,

which occurred shortly before his diagnosis.  Moreover, the sole issue considered by the Court of Appeals was whether the Commission erred in the computation of the employee's average weekly wage; the employer did not challenge the employee's entitlement to benefits.[2]

We hold, therefore, that the Claimants are not entitled to weekly indemnity benefits because Newton did not receive any earnings from employment during the 52 weeks preceding the date of the communication of the diagnosis of his occupational disease.  Accordingly, the judgment of the Court of Appeals will be affirmed.

Affirmed.

---

[2] We express no opinion whether, in Williams, the Court of Appeals was correct in holding that the Commission did not err in its calculation.