ELDER, J.,
concurring, in part, and dissenting, in part.
I concur in the majority’s decision affirming the commission’s denial of temporary total disability benefits. However, I disagree that our holding in Chesapeake & Potomac Telephone Co. v. Williams, 10 Va.App. 516, 392 S.E.2d 846 (1990), compels the commission’s conclusion that the permanent partial disability benefits awarded for Charles Roberston’s asbestosis should be calculated based on the average weekly wage he earned before voluntarily retiring in 1973. Therefore, I respectfully dissent from this portion of the majority opinion.
The claimant in Williams sought temporary total disability compensation for mesothelioma rather than asbestosis.[2] See 10 Va.App. at 517, 392 S.E.2d at 847. Although the portion of present Code § 65.2-406(0 providing for an enhanced weekly compensation rate refers specifically to both asbestosis and mesothelioma, this has not always been the case. The claimant in Williams received his mesothelioma diagnosis on Janu *791 ary 20, 1988. See Blue Diamond Coal Co. v. Pannell, 203 Va. 49, 54, 122 S.E.2d 666, 670 (1961) (holding that law in effect at time of incapacity governs, not law in effect at time of death or time award is made). The version of the statute in effect at that time, Code § 65.1-52, the predecessor statute to present Code § 65.2-406, referred only to asbestosis, providing as follows:
For a first or an advanced stage of asbestosis, if the employee is still employed in the employment in which he was injuriously exposed, the weekly compensation rate shall be based upon the employee’s weekly wage as of the date of communication of the first or advanced stage of the disease, as the case may be. If the employee is unemployed, or employed in another employment, the weekly compensation rate shall be based upon the average weekly wage of a person of the same or similar grade and character in the same class of employment in which the employee was injuriously exposed and preferably in the same locality or community on the date of communication to the employee of the advanced stage of the disease.
Code § 65.1-52 (Repl.Vol.1987 & 1989 Supp.) (emphasis added); 1985 Va. Acts, ch. 191; 1989 Va. Acts, ch. 502. Another portion of Code § 65.1-52 then in effect, not directly related to the enhanced compensation rate provisions, inferred specifically to both asbestosis and mesothelioma, making clear the legislature recognized them as two separate diseases. See Code § 65.1-52(A) (Repl.Vol.1987 & 1989 Supp.).
Thus, both when Williams received his mesothelioma diagnosis on January 20, 1988, and when this Court decided Williams on June 19, 1990, the portion of Code § 65.1-52 providing an alternate method for calculating an employee’s average weekly wage expressly applied only to employees suffering from asbestosis, not to employees suffering from mesothelioma. The legislature amended Code § 65.1-52 to include both asbestosis and mesothelioma, but that amendment did not take effect until July 1, 1990, see 1990 Va. Acts, *792 ch. 417,[3] after issuance of the decision in Williams on June 19, 1990.
The Court’s failure in Williams to apply the special method for calculating average weekly wage set out in Code § 65.1-52 rather than the general method in Code § 65.1-6[4] may be explained by the fact that, under the version of Code § 65.1-52 in effect at that time, the special average weekly wage provisions did not apply to claimants suffering from mesothelioma. Thus, the holding in Williams set out the method to be used for determining average weekly wage for those employees suffering from occupational diseases other than those affected by the special average weekly wage provisions of Code § 65.1-52, which, at the time, applied only to asbestosis. Even in that context, the Court noted that Code § 65.1-6’s provisions defining average weekly wage “contain[ ] language which gives the commission some latitude to determine what method” of calculation should be used. Williams, 10 Va.App. at 520 n. 2, 392 S.E.2d at 848 n. 2. To hold that Williams requires an award of permanent partial disability benefits based on the average weekly wage claimant earned twenty-six years before his asbestosis diagnosis would be to render meaningless the special average weekly wage provisions of *793 Code § 65.2-406(C), which expressly apply to asbestosis, and would do so unnecessarily.
Having concluded that Williams does not prevent application of the average weekly wage provisions of Code § 65.2-406(C), I would also reject employer’s contention that these provisions do not apply to claimants who are voluntarily retired. I see no reason to interpret the Act to provide one method of calculating average weekly wage for employees who have voluntarily retired and another method for employees unemployed for any other reason as well as employees still working for the same or a different employer. Rather, the more logical conclusion is that the legislature intended to provide an alternate method of calculation for all employees based on the type of occupational disease from which they suffer, asbestosis or mesothelioma resulting from industrial exposure to asbestos. As we noted in discussing differences in the statutes of limitations for various occupational diseases, the legislature has “recognized that asbestosis is a progressive disease which may manifest itself many years after the cessation of [the] employment” in which the asbestos exposure occurred. Parris v. Appalachian Power Co., 2 Va.App. 219, 221-22, 343 S.E.2d 455, 456 (1986) (noting legislature’s deletion of five-year statute of limitations for asbestosis, leaving provision that claim is timely if filed within two years of communication of diagnosis to employee).
Interpreting Code § 65.2-406(C) as including all employees with industrial asbestosis and mesothelioma compels the conclusion that the “unemployed” include all those employees voluntarily retired. Contrary to the argument of employer, such an interpretation does not automatically entitle a voluntarily retired claimant to temporary disability benefits. Code § 65.2-406(C) merely provides the method for calculating the average weekly wage. A claimant seeking temporary or permanent disability benefits must still prove an entitlement to those benefits under another portion of the Act. As the majority opinion holds, a voluntarily retired claimant who is “unemployed” within the meaning of Code § 65.2-406(C) when he becomes temporarily disabled from an occupational disease *794 is not entitled to temporary disability benefits under the Act because he has no wage loss. See, e.g., Newton v. Fairfax Police Dep't, 259 Va. 801, 804, 529 S.E.2d 794, 795 (2000). Nevertheless, a voluntarily retired employee may be entitled to permanent disability benefits under Code § 65.2-503, calculated at the rate set out in Code § 65.2-406(0, because such benefits, as explained by the majority opinion, are for the “loss of what might be termed ‘human capital.’ ” Morris v. Virginia Retirement Sys., 28 Va.App. 799, 806, 508 S.E.2d 925, 929 (1999).
For these reasons, I would hold the commission erred in calculating claimant’s average weekly wage under Williams rather than under the express terms of Code § 65.2-406(C). Thus, I respectfully dissent from this portion of the majority opinion.

. Mesothelioma is a form of cancer which affects mesothelial tissue in the lungs, peritoneum or pericardium. The Sloane-Dorland Annotated Medical-Legal Dictionary 351 (Supp.1992). Asbestosis is “a form of lung disease (pneumoconiosis)" which causes interstitial fibrosis or scarring of the lungs. Id. at 36. " '[N]ot everyone who develops asbestosis develops mesothelioma, and it is not necessary to have asbestosis to have mesothelioma.’ ” Id. at 352 (quoting Owens Corning Fiberglas Corp. v. Hammond, 198 Ill.App.3d 605, 144 Ill.Dec. 714, 555 N.E.2d 1233, 1236 (1990)). Although both are caused by exposure to asbestos, " 'asbestosis and mesothelioma are two separate diseases.' " Id. (quoting Hammond, 144 Ill.Dec. 714, 555 N.E.2d at 1236).

. As amended in 1990, Code § 65.1-52 provided as follows:
For a first or an advanced stage of asbestosis or diagnosis of mesothelioma, if the employee is still employed in the employment in which he was injuriously exposed, the weekly compensation rate shall be based upon the employee's weekly wage as of the date of communication of the first or advanced stage of the disease, as the case may be. If the employee is unemployed, or employed in another employment, the weekly compensation rate shall be based upon the average weekly wage of a person of the same or similar grade and character in the same class of employment in which the employee was injuriously exposed and preferably in the same locality or community on the date of communication to the employee of the advanced stage of the disease or diagnosis of mesothelioma.
1990 Va. Acts, ch. 417. In its present version, former Code § 65.1-52, now § 65.2-406, refers to "a first or an advanced stage of asbestosis or mesothelioma.” 1995 Va. Acts, ch. 324.

. This provision is now codified at § 65.2-101.