Justice McCLANAHAN, concurring.
 

 I concur in the result of the Court's opinion in this case, but would reverse the judgment of the Court of Appeals based solely upon the language of Code § 65.2-500.
 

 Code § 65.2-500 provides in the portion that is controlling on this appeal:
 

 [W]hen the incapacity for work resulting from the injury is total, the employer shall pay ... to the injured employee during
 such total incapacity, a weekly compensation.
 

 "The plain language of the statute governs [the] analysis."
 
 Tauber v. Commonwealth,
 

 263 Va. 520
 
 , 545,
 
 562 S.E.2d 118
 
 , 131 (2002) (citing
 
 Vaughn, Inc. v. Beck,
 

 262 Va. 673
 
 , 677,
 
 554 S.E.2d 88
 
 , 90 (2001) and
 
 Cummings v. Fulghum,
 

 261 Va. 73
 
 , 77,
 
 540 S.E.2d 494
 
 , 496 (2001) ).
 

 The deputy commissioner who reviewed the present claim found that McKellar's incapacity for work resulting from the injury is total, a fact uncontested on appeal. It follows that the employer shall pay to McKellar during such incapacity a weekly compensation. The statute plainly provides for this result.
 
 [1]
 

 The Court of Appeals improperly required McKellar to prove causation between his work injury and his post-retirement loss. To
 support the existence of this purported causation element, the Court of Appeals relied on its holding in
 
 Utility Trailer Manufacturing Co. v. Testerman,
 

 58 Va.App. 474
 
 , 482,
 
 711 S.E.2d 232
 
 , 236 (2011), requiring that a furloughed partially disabled claimant demonstrate "the causal relationship between his loss of wages and his injury."
 
 McKellar v. Northrop Grumman Shipbuilding Inc.,
 

 63 Va.App. 448
 
 , 456,
 
 758 S.E.2d 104
 
 , 107 (2014). As the majority opinion notes, the
 
 Utility Trailer
 
 decision was expressly "limited in scope; it addresses only those cases where a partially incapacitated employee is
 
 furloughed.
 
 "
 
 58 Va.App. at 482
 
 ,
 
 711 S.E.2d at 236
 
 . The
 
 Utility Trailer
 
 holding is thus inapposite here, where McKellar is totally disabled and a furlough is not a fact applicable in the case.
 

 The Court of Appeals also asserted that its holding in
 
 Arlington County Fire Dep't v. Stebbins,
 

 21 Va.App. 570
 
 , 573,
 
 466 S.E.2d 124
 
 , 126 (1996), requires that a totally disabled claimant prove actual loss to qualify for total disability benefits .. The Court of Appeals misconstrues that holding. Stebbins was entitled to benefits insofar as he proved total incapacity resulting from a work injury. However, because Stebbins had no income during the statutory look-back period used to calculate the amount of benefits due, the court was faced with a zero-benefits award and thus ultimately denied the claim.
 
 [2]
 

 Id.
 

 at 573
 
 ,
 
 466 S.E.2d at 126
 
 . In this narrow circumstance, the
 
 Stebbins
 
 holding simply required evidence of loss to yield a non-zero award of benefits under the statutory calculation.
 
 [3]
 

 McKellar proved a total incapacity for work resulting from a work injury. He has established all that Code § 65.2-500 requires of him to qualify for total disability benefits.
 

 On this basis alone, I would reverse the judgment of the Court of Appeals in this case.
 

 Code § 65.2-500 alone resolves this case. I query the foundation for the majority's reliance upon a rigid dichotomy that loss of earning capacity applies to total disability while economic loss applies to partial disability. Usage of these terms is hardly uniform; over many decades the Court of Appeals and this Court have used both these terms with regard to total disability,
 
 Arlington Cty. Fire Dep't v. Stebbins,
 

 21 Va.App. 570
 
 , 573,
 
 466 S.E.2d 124
 
 , 126 (1996) (total disability benefits due under the statute "approximate the
 
 economic loss
 
 suffered by an employee ... when there is a
 
 loss of earning capacity
 
 because of work-related injury or death") (second emphasis added; citation and internal quotation marks omitted); have used loss of earning capacity with regard to both total and partial disability,
 
 J.A. Foust Coal Co. v. Messer,
 

 195 Va. 762
 
 , 766,
 
 80 S.E.2d 533
 
 , 535 (1954) ("Benefits awarded under [predecessors to §§ 65.2-500, 65.2-502 ]
 
 cover losses
 
 occasioned by the impairment
 
 of the claimant's earning capacity.
 
 ") (emphases added); and have used the concept of economic loss with regard to both total and partial disability.
 
 Great Atlantic & Pacific Tea Co. v. Bateman,
 

 4 Va.App. 459
 
 , 461,
 
 359 S.E.2d 98
 
 , 99 (1987) ("Benefits under [predecessors to §§ 65.2-500, 65.2-502 ] for total and partial incapacity compensate the employee for
 
 loss of earnings
 
 resulting from the injury.") (emphasis added).
 

 The Court of Appeals also opined that awarding McKellar benefits would elevate him to a better position than a similarly situated worker who retired on the same date. As the majority precisely explains, this hypothetical worker is not similarly situated to McKellar, because McKellar is totally disabled due to a work injury and thus has lost the option to work again for the duration of his incapacity.