CITY OF FAIRFAX

v.

WILLIAM R. MASSEY

No. 0981-89-4

WILLIAM R. MASSEY

v.

CITY OF FAIRFAX

No. 1033-89-4

Decided February 19, 1991

## ON PETITION FOR REHEARING

OPINION

**BARROW, J.**—Petitions for rehearing have been filed by appellants in each of these appeals from the Industrial Commission which we decided by published opinion on October 30, 1990. Both petitions for rehearing assert that we overlooked certain considerations in reaching our decisions; however, having reviewed these appeals, we conclude that the issues raised in them were fully considered.

## EMPLOYER'S APPEAL

The employer contends that a rehearing should be granted because we failed to address "[w]hether a partially disabled Claimant who was simultaneously working as a part-time mechanic for a different employer at the time of his injury, and who returns post-injury to his part-time employer in a *different* lighter duty *position* has, in effect, marketed his residual work capacity such that the employer is entitled to a credit for all wages earned." This question contains two subparts: first, whether an employee's return to dissimilar part-time employment represents a marketing of his residual work capacity justifying a change from compensation for total incapacity to compensation for partial incapacity, and second, to what extent should the wages the employee earns in the dissimilar part-time employment be considered in determining the amount of the award for partial incapacity. We addressed both of these questions.

The first of these questions was decided by the commission in the employer's favor. The employer sought to have the commission change the employee's award from one for total incapacity, Code § 65.1-54, to one for partial incapacity, Code § 65.1-55, based on his return to dissimilar part-time employment. The commission so ordered and in doing so necessarily concluded that the employee had marketed his residual work capacity. Our opinion affirmed the commission's decision. We do not interpret the employer's appeal to challenge this aspect of the commission's decision.

The second of the questions concerns the extent to which the employee's wages from dissimilar part-time employment should be used in determining the amount of an award for partial incapacity. The commission modified the "dissimilar employment rule" to include part, but not all, of the employee's wages from dissimilar employment in determining the amount of the employee's benefits for partial incapacity. We affirmed this award, holding that the commission correctly excluded part of the employee's wages and finding it unnecessary to address the correctness of the commission's inclusion of the remaining wages.

Thus, we fully addressed the issue asserted by the employer in its appeal and find no reason to grant its petition for rehearing in this matter.

## EMPLOYÉE'S APPEAL

For similar reasons, we find no reason to award a rehearing from the employee's appeal. He contends that we overlooked the fact that the Industrial Commission's decision deprived him of cost of living supplements under Code § 65.1-99.1 since it changed his award from one of total incapacity where the cost of living supplements were applicable to one of partial incapacity where they were not applicable. We had concluded in his appeal that since he was entitled to and received an award based upon the maximum compensation rate for his partial incapacity just as he had for his total incapacity, he had not yet been affected by the application of the commission's rule and, therefore, we did not need to address his concern. He argues that we should have addressed his argument because the "dissimilar employment rule" caused him to be deprived of cost of living supplements. We disagree.

His loss of cost of living supplements was not caused by the Industrial Commission's application of the "dissimilar employment rule." It was caused, instead, by the commission's finding that he was partially incapacitated rather than totally incapacitated. The application of the "dissimilar employment rule" did not affect this determination; instead, the "dissimilar employment rule" was applied in determining the amount of the award for partial incapacity. Even if the commission excluded all of the employee's wages from dissimilar employment in determining his award for partial incapacity, the commission would have been required to determine the average weekly wages which the employee was "able to earn thereafter." Code § 65.1-55. The award determined in this fashion would still not be subject to cost of living supplements since it would be an award based on partial incapacity rather than total incapacity.

We continue to read the employee's appeal to challenge, not the commission's determination of partial incapacity, but its determination of compensation benefits based on a modification of the "dissimilar employment rule." Therefore, we find no reason to grant a rehearing in this appeal.

For these reasons, we deny the petitions for rehearing filed on behalf of each of the parties.

*Denied.*

Cole, J., and Keenan, J., concurred.