COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, AtLee and Senior Judge Bumgardner
Argued at Norfolk, Virginia

UNPUBLISHED

BJ'S WHOLESALE CLUB, INC.

              MEMORANDUM OPINION*
v.  Record No. 1700-16-1    JUDGE RUDOLPH BUMGARDNER, III
                 APRIL 4, 2017
ROSE M. McCARRON

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

  Marilyn N. Harvey (Robert A. Rapaport; Clarke, Dolph, Rapaport,
  Hull & Brunick, PLC on brief), for appellant.

  Matthew H. Kraft for appellee.


  BJ's Wholesale Club appeals the majority decision of the Workers' Compensation

Commission that it was only entitled to a credit of $363.16 for overpayments made to Rose

McCarron. It contends McCarron should not have received any temporary total disability

benefits because she worked at another job after her injury at BJ's and she was not entitled to

temporary partial disability benefits because she had not marketed her residual capacity for work.

Finding no error in the Commission's ruling, we affirm.

  McCarron was a fifty-one-year-old high school graduate, who worked as a bakery

manager at BJ's. She earned an average weekly wage of $635.49. On May 2, 2012, McCarron

was injured on the job when she was hit by a forklift and crushed into a freezer. She injured her

right shoulder, lower back, and both knees. The Commission awarded her lifetime medical

benefits and temporary total disability benefits of $368.98 per week beginning May 3, 2012.

---

  * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

While employed at BJ's, McCarron also worked as a custodian at St. Gregory's, a catholic school. She had worked there for about ten years and was a full-time employee when injured at BJ's. She continued to work at the school after she was injured and earned an average weekly wage of $564.29.[1] McCarron told a claims adjustor for BJ's insurance carrier that she worked at St. Gregory's but did not notify BJ's or the carrier when she received increases from that employment.

When McCarron was released to full-duty work on June 7, 2013, BJ's sought to terminate the total disability payments. It later applied for a credit of all benefits paid based on McCarron not having reported her increased earnings from St. Gregory's.

The deputy commissioner held that BJ's was due a credit for all benefit payments made to McCarron. He reasoned that her full-time employment at St. Gregory's showed she was capable of light-duty work which required her to market her residual capacity for work. The deputy commissioner ruled BJ's was entitled to recoup all benefits paid to McCarron, finding that she had not marketed her residual capacity.

McCarron appealed, and the Commission, with dissent, held BJ's was only entitled to a credit for overpayments due to McCarron's failure to report her increased earnings from St. Gregory's and not a credit for all compensation paid. On remand, the deputy commissioner then calculated that $6.76 per week was due from May 2 through December 31, 2012 and $5.73 per week was due from January 1 through July 6, 2013.[2] The total credit allowed was $363.16.

---

[1] McCarron received an increase in her hourly wage from $10.50 to $11.30, effective July 1, 2012. She received another increase to $11.53 per hour, effective July 1, 2013. In addition to her regular forty-hour work week, McCarron also worked some overtime hours.

[2] The July date was a scrivener's error, as the record established the correct date was June 6, 2013.

On appeal the Commission again concluded that BJ's was not entitled to a credit for all benefits paid to McCarron, holding that such a remedy was not available under Code § 65.2-712. The Commission found the deputy commissioner correctly calculated the credit. This appeal followed.

Under well-established principles, this Court construes the evidence in the record, and all reasonable inferences, in the light most favorable to McCarron, the party that prevailed below. See Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006). Questions of statutory interpretation are reviewed de novo. See, e.g., Giles v. Commonwealth, 277 Va. 369, 373, 672 S.E.2d 879, 882 (2009).

Code § 65.2-712 was enacted to "impose[] a singular duty upon the employee" to report changes in circumstances that affected the amount of benefits received. Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 79, 367 S.E.2d 204, 207 (1988). It provides that as long as an employee receives workers' compensation benefits, she "shall have a duty immediately to disclose" to the employer or insurer "any . . . return to employment, [or] increase in [her] earnings." Further, "[a]ny payment" made to the employee that the Commission later determines was "procured by the employee . . . by fraud, misrepresentation, or failure to report any . . . return to employment, [or] increase in earnings . . . may be recovered" from the employee "either by way of credit against future compensation payments due the [employee] or by action at law against the [employee]."

McCarron was entitled to be compensated for her injury on the job at BJ's. See, e.g., McKellar v. Northrop Grumman Shipbldg, Inc., 290 Va. 349, 355, 777 S.E.2d 857, 860 (2015) (purpose of Workers' Compensation Act is to compensate employees for accidental injuries incurred at the workplace). While she was employed at BJ's, she also worked at St. Gregory's. Under the dissimilar employment rule, only McCarron's earnings from BJ's were considered in

calculating her average weekly wage. See Mercy Tidewater Ambulance v. Carpenter, 29 Va. App. 218, 224, 511 S.E.2d 418, 421 (1999) ("Virginia follows the majority rule that when an employee is injured on one job while in concurrent employment, the average weekly wage compensated is based on the combined earnings of both jobs if, but only if, the employments are related or similar." (quoting Frederick Fire and Rescue v. Dodson, 20 Va. App. 440, 443, 457 S.E.2d 783, 784 (1995))).

Under Code § 65.2-712, BJ's was entitled to recover the amount overpaid based on a failure to report a return to employment or to an increase in earnings. See City of Fairfax v. Massey, 11 Va. App. 238, 242, 397 S.E.2d 679, 681-82 (1990) (construing credit allowed under Code § 65.1-100.3, predecessor of Code § 65.2-712, as "limited to the amount the employee receives in excess of that which he or she should have received had he or she reported the return to employment or the increase in earnings"), reh'g denied, 11 Va. App. 680, 401 S.E.2d 439 (1991).

In Massey, a firefighter was injured on his job with the City of Fairfax and was awarded temporary total disability benefits. See id. at 240, 397 S.E.2d at 680. His wages from a dissimilar part-time job with a private company were not considered in calculating his benefit. See id. About one year after his injury, the employee returned to work with the private employer and was paid a higher hourly wage than he had received previously. See id. The Commission found the employee was able to increase his hours at his part-time job because he was no longer employed with the city, and thus, the city was entitled to a credit for the increased earnings. See id. However, the city did not receive an actual credit because the employee was still eligible for temporary partial disability benefits and received the same amount of compensation whether he was on total or partial disability. See id. at 243, 397 S.E.2d at 681.

- 4 -

We reject BJ's argument that Code § 65.2-712 allows full recoupment of all monies paid to McCarron from the date of her injury until she was released for full-time duty. The clear intent of Code § 65.2-712 is to allow the recovery of overpayments when an unreported change in the employee's circumstances, occurring after entry of the initial benefits award, results in recalculating the amount due the employee.

McCarron did not "return to employment" at St. Gregory's because she was continually employed at St. Gregory's. The record indicates McCarron told the insurer's claims adjustor she had a second job. She testified at the evidentiary hearing before the deputy commissioner on March 13, 2014 that the insurer had not asked specifically about her earnings from St. Gregory's and she had not known she was required to produce information about her wages. Code § 65.2-712 did not require her to report her employment at the dissimilar job because it was not a change of circumstance to what existed when the award of temporary total benefits was entered.

BJ's could have pursued information about McCarron's job at St. Gregory's at the time the compensation award was made. It cannot now use that dissimilar employment to allege she should have not received any benefits. The Commission did not find there had been allegations or findings of fraud or misrepresentation in the case. Where the language in a statute is plain, a court may not interpret it to mean something other than what is actually stated. See Britt Construction v. Magazzine Clean, LLC, 271 Va. 58, 62-63, 623 S.E.2d 886, 888 (2006). The Workers' Compensation Act is to be liberally construed in accord with its "humanitarian purpose" to compensate injured employees. Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 702, 722 S.E.2d 301, 306 (2012).

McCarron received a larger benefit payment than she would have received if information about her increased earnings from St. Gregory's had been known. If an employee, as here, has an increase in earnings from concurrent, dissimilar employment, the employee must report the

increased earnings and the amount of her benefit is adjusted accordingly.  See Massey, 11

Va. App. at 242, 397 S.E.2d at 681-82; see also Collins v. Dept. of Alcoholic Beverage Comm.,

21 Va. App. 671, 678, 467 S.E.2d 279, 282 (finding "no specific statute authorized Commission

to grant retrospective relief to employer" filing motion to vacate award entered pursuant to

agreement with employee, but holding employer could recoup amount overpaid because

calculation was based on "mutual mistake" regarding employee's weekly wage), aff'd en banc,

22 Va. App. 625, 472 S.E.2d 287 (1996).

The Commission's ruling that BJ's was entitled only to a credit based on the excess

amount that McCarron received due to her increased earnings at a dissimilar job was a correct

interpretation of Code § 65.2-712.  Accordingly, we affirm.

Affirmed.