COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


ALLEN P. STANFIELD

                                              OPINION BY
v.    Record No. 0834-99-1          JUDGE JERE M. H. WILLIS, JR.
                                            DECEMBER 28, 1999
CITY OF HAMPTON FIRE & RESCUE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Karen M. Rye (Kenneth J. Coughlan; Law Office
            of Karen M. Rye, on brief), for appellant.

            Joyce A. Melvin-Jones, Deputy City Attorney,
            for appellee.


     Allen P. Stanfield contends that the Workers' Compensation

Commission erred in denying his claim for permanent partial

disability benefits based upon its finding that he had not

reached maximum medical improvement.  Finding no error, we

affirm the commission's judgment.

     On February 19, 1998, Stanfield, a firefighter, was injured

when a hose coupling struck him in the face, knocking out his

lower four front teeth.  The City of Hampton, his employer,

accepted the injury as compensable.  On April 13, 1998, the

commission awarded Stanfield lifetime medical benefits for

treatment related to the compensable injury.

     Stanfield sought permanent partial disability benefits for

the loss of his teeth, under Code § 65.2-503(B), which provides

a schedule of benefits for the loss of specific body parts. This schedule does not include teeth. However, Code § 65.2-503(B)(16) provides compensation for

> [s]everely marked disfigurement of the body resulting from an injury not otherwise compensated by this section.

Id. Stanfield sought compensation under this subsection.

Finding that Stanfield's loss of teeth did not constitute a "severely marked disfigurement that is conspicuous or noticeable," see Hall v. Newport News Shipbuilding and Dry Dock Co., 68 O.I.C. 154 (1989), the deputy commissioner denied compensation. On review, the full commission held that because Stanfield's projected dental surgery had not been completed, the character and extent of any disfigurement suffered by him could not be ascertained, that he had therefore not reached maximum medical improvement, and that his claim was not ripe for decision. The record supports that holding.

At the time of the hearing, Stanfield was wearing a temporary partial denture. He was scheduled to receive four permanent implants in his jawbone to replace the lost teeth, followed by four crowns to complete the restoration. Once the dental surgery was complete, Stanfield would have a permanent replacement for the four missing teeth.

Stanfield contends that he reached maximum medical improvement when his wounds healed and that the full commission

-

erred in failing to award benefits based on his appearance before the implants.  We disagree.

The loss of teeth is not equivalent to the loss of a scheduled member.  The legislature determined that certain dismemberments, by their very nature, require compensation. These dismemberments are separately enumerated within Code § 65.2-503(B).  Teeth are not included.  Stanfield's entitlement to compensation under Code § 65.2-503(B) is based exclusively on permanent disfigurement.  His disfigurement may be enhanced, diminished, or completely erased by the implants.

Stanfield will not reach maximum medical improvement until his dental procedures are complete.  We affirm the commission's judgment.

<u>Affirmed.</u>

-