COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and AtLee
Argued at Richmond, Virginia

ROANOKE AMBULATORY SURGERY CENTER

v.      Record No. 1055-18-2

BIMBO BAKERIES USA, INC., INDEMNITY
  INSURANCE CO. OF NORTH AMERICA
  AND ESIS, INC.

OPINION BY
JUDGE RANDOLPH A. BEALES
JANUARY 29, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Cheri Hodges Warren (WarrenLaw P.C., on brief), for appellant.

Emily S. Kirkpatrick (Midkiff, Muncie & Ross, P.C., on brief), for appellees.

This is an appeal regarding when the statute of limitations actually bars a health care provider from submitting a claim to the Workers' Compensation Commission contesting the sufficiency of payment for health care services rendered to a claimant pursuant to Code § 65.2-605.1. Appellant Roanoke Ambulatory Surgery Center ("RASC") appeals the Commission's decision that its claim was time barred.

I. BACKGROUND

On review, the evidence is viewed in the light most favorable to the prevailing party before the Commission – in this case, Bimbo Bakeries. Smith-Adams v. Fairfax Cty. School Bd., 67 Va. App. 584, 589 (2017). In this opinion, we refer to Bimbo Bakeries USA, its insurer Indemnity Insurance Co. of North America, and ESIS Inc., the claim administrator, all collectively as "Bimbo Bakeries."

PUBLISHED

On February 23, 2015, Jeffrey Boyer was injured while in the employ of Bimbo Bakeries USA, Inc. RASC provided treatment to Boyer for his injuries. On April 29, 2015, RASC performed rotator cuff repair surgery on Boyer's right shoulder. RASC subsequently submitted a bill of $23,122 to Bimbo Bakeries. On June 12, 2015, Bimbo Bakeries delivered payment of $4,863.10 to RASC. Bimbo Bakeries also delivered a document labeled "Review Analysis" to RASC that detailed the amount it was paying for Boyer's surgery and included, among other things, the following statements: "Recommended allowance is considered fair & reasonable based on an analysis performed in your geographical area. . . . A technical Bill Review (TBR) has been performed. . . . Amounts billed above the recommended allowance are hereby objected to as being in excess of the amounts authorized under state law."

RASC performed a second surgery on Boyer's shoulder on September 18, 2015 and submitted a bill of $12,101 to Bimbo Bakeries. On October 30, 2015, Bimbo Bakeries delivered payment of $3,078.81 for the second surgery. Bimbo Bakeries also provided a "Review Analysis" document related to the second surgery that contained the same language quoted above from its first review analysis. Bimbo Bakeries made no further payments to RASC for either of the two surgeries.

Boyer eventually submitted a timely claim to the Commission on June 27, 2016 for workers' compensation benefits related to this February 23, 2015 injury. On July 28, 2017, the Commission approved an agreement between Boyer and Bimbo Bakeries that included an award in favor of Boyer for lifetime medical benefits for treatment of his right shoulder rotator cuff injury.

On September 1, 2017, RASC filed a claim with the Commission requesting full payment for the medical services it provided to Boyer. Deputy Commissioner Andrea Lee issued an opinion on February 20, 2018, in which she concluded that "the medical provider filed its claim

- 2 -

within one year of the date of the medical award covering the date of service for a specific item or treatment at issue became final. Thus . . . the medical provider's claim is not time barred." In her opinion announcing her decision, Deputy Commissioner Lee noted that Bimbo Bakeries did not put forth any evidence to rebut the provider's evidence that the charges were reasonable and necessary. Since RASC's claim was not time barred and since Bimbo Bakeries did not meet its burden of proving that the medical fees were excessive, the deputy commissioner awarded RASC the balance of its charges from both surgeries that had not been paid – $27,281.09.

After Bimbo Bakeries requested review by the full Commission, the Commission issued an opinion on June 8, 2018 reversing the award to RASC. Relying on its decision in Dietz v. Red Lobster Management, LLC, JCN VA00000994346 (Va. Wrk. Comp. Feb. 5, 2018), the full Commission focused on whether the payments made by Bimbo Bakeries were voluntary or made pursuant to an award. Finding that the payments by Bimbo Bakeries were "voluntary payments," the Commission concluded that Code § 65.2-605.1(F)(ii) did not apply, that "section (i) must be applied," and consequently that RASC's filing of its claim on September 1, 2017 was time barred pursuant to Code § 65.2-605.1(F)(i).

This appeal followed.

## II. ANALYSIS

The plain text of the relevant statute, Code § 65.2-605.1(F), states, in full:

> No health care provider shall submit a claim to the Commission contesting the sufficiency of payment for health care services rendered to a claimant after July 1, 2014, unless (i) such claim is filed within one year of the date the last payment is received by the health care provider pursuant to this section or (ii) if the employer denied or contested payment for any portion of the health care services, then, as to that service or portion thereof, such claim is filed within one year of the date the medical award covering such date of service for a specific item or treatment in question becomes final.

The interpretation of this statute of limitations with regard to such a claim by health care providers is an issue of first impression before this Court, and the interpretation of the meaning of a statute is a question of law that we review *de novo*. Town of Waverly Law Enf't v. Owens, 51 Va. App. 277, 280 (2008).

### A. Arguments of the Parties

On appeal, RASC argues that the plain meaning of Code § 65.2-605.1(F) is that there are two alternative statutes of limitation. In support of this argument, RASC notes the statute uses the disjunctive word "or" rather than the conjunctive "and" between subsection (i) and (ii). Regarding the two different statutes of limitations within Code § 65.2-605.1(F), RASC concedes it would have been time barred under subsection (i) if that was the subsection governing the factual scenario now before the Court, but argues that it filed its claim within the time restrictions in subsection (ii) and that the factual scenario now before us falls under subsection (ii).

Bimbo Bakeries responds with two arguments. Bimbo Bakeries first contends that this Court should adopt the Commission's interpretation of the statute – *i.e.*, which subsection applies depends upon whether the payments made were made voluntarily or as the result of an award. The Commission explained its interpretation in Dietz, which the Commission quoted and relied upon in its opinion deciding this case:

> Subsection (i) refers to voluntary payments occurring during a claimant's course of treatment. Subsection (ii), in contrast, refers to denied or contested medical care, and is only applicable to "a specific item or treatment in question" that later becomes the subject of a medical award. These are alternatives that address different scenarios, and which subsection applies depends on whether medical treatment is paid voluntarily or only after an award is entered.

Dietz, JCN VA00000994346, at *4.

- 4 -

Second, Bimbo Bakeries argues that the payments for the health care services were not denied or contested but instead were made promptly and voluntarily. Consequently, under Bimbo Bakeries' reasoning, subsection (ii) – which applies "if the employer denied or contested payment for any portion of the health care services" – does not apply.

### B. Application of the Statute of Limitations

The disposition of this case comes down entirely to whether RASC's claim was time barred, since there is nothing in the record before us to show that Bimbo Bakeries has, at any time, presented any evidence to the Commission or to this Court to rebut RASC's evidence that the charges were reasonable and necessary. See Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 702-05 (2012) (holding that the burden of proving that medical fees are excessive is placed on the employer). Therefore, we need to analyze the language of the statute – the plain text – to see whether subsection (i) or subsection (ii) is applicable.

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007) (citations omitted) (quoted with approval in McKellar v. Northrop Grumman Shipbuilding, Inc., 290 Va. 349, 354 (2015)).

Code § 65.2-605.1(F) begins with the premise that health care providers may not file a claim contesting sufficiency of payment unless either one of two situations applies. Because of the use of the disjunctive "or," if the health care provider files its claim in such a way that it complies with either (i) or (ii), the claim is timely. See Dollar Tree Stores, Inc. v. Tefft, 69 Va. App. 15, 25 (2018) ("The word 'or' is a disjunctive that provides an alternative.").

There is no question that RASC's claim would be time barred if subsection (i) of Code § 65.2-605.1(F) governs this factual scenario because it clearly states that a claim is barred unless filed within one year of the last payment received by the health care provider. The evidence shows (and the parties agree) that RASC received a payment for the first (April 2015) surgery on June 12, 2015 and received payment for the second (September 2015) surgery on October 30, 2015. RASC filed its claim on September 1, 2017 – well beyond one year from the receipt of either payment. However, if subsection (ii) governs this situation, the result is different.

Subsection (ii) applies "if the employer denied or *contested payment* for any portion of the health care services." Code § 65.2-605.1(F) (emphasis added). Bimbo Bakeries clearly contested payment for the amount billed beyond the small percentage of the bill for each surgery that Bimbo Bakeries actually paid.[1] This contesting of the bill for each of the two surgeries is especially clear from the language used on both of the "Review Analysis" documents sent by Bimbo Bakeries to explain its partial payment to RASC of the bill that Bimbo Bakeries was contesting. The review analysis stated, "Amounts billed above the recommended allowance *are hereby objected to* as being in excess of the amounts authorized under state law." (Emphasis added.) To argue that such language is anything other than "contest[ing] payment for any portion of the health care services" provided flies in the face of logic and common sense. Although this partial payment does not constitute a complete denial, as would be the case if Bimbo Bakeries had refused to make *any* payment, it is a contesting of payment for the overall bill from RASC for each surgery. In fact, Bimbo Bakeries contested payment of the overall bill

---

[1] Bimbo Bakeries argues on brief that the Commission made a "factual finding that [Bimbo Bakeries] did not deny or contest payment for the relevant health care services . . . ." However, a review of the Commission's opinion shows that the Commission did not actually make such a finding of fact. See Boyer v. Bimbo Bakeries USA, Inc., JCN VA00001037141 (Va. Wrk. Comp. June 8, 2018).

from the beginning – when Bimbo Bakeries submitted partial payment and notified RASC through the language in its "Review Analysis" documents that it was contesting payment. Therefore, contesting payment is precisely what Bimbo Bakeries did here. In fact, it contested the great majority of the amount billed by RASC for each surgery. In short, because the employer "denied or contested payment," and because the Commission had issued an award, subsection (ii) applies in this situation.

The Commission's (and Bimbo Bakeries') interpretation of the statute – turning upon whether the payments are made voluntarily – is simply unpersuasive. Nowhere in Code § 65.2-605.1(F) is voluntariness discussed, and nowhere in it does the word "voluntary" even appear. Nor is such an interpretation in keeping with a plain reading of the statute. The Commission erred in interpreting the statute, perhaps fearing, as it stated, that such an interpretation would result in a "peculiar framework of inconsistent and shifting time limitations." Boyer v. Bimbo Bakeries USA, Inc., JCN VA00001037141, at *3 (Va. Wrk. Comp. June 8, 2018). A court – or an administrative body, for that matter – "may not 'second-guess the lawmakers on matters of economics, sociology and public policy. . . . Those considerations belong exclusively in the legislative domain.' Regardless of whether it 'may or may not be better public policy' to interpret [the Code] as either [party] urges, 'such judgments are not ours to make.'" Chauncey F. Hutter, Inc. v. Virginia Employment Comm'n, 50 Va. App. 590, 600 (2007) (first quoting Infants v. Virginia Hous. Dev. Auth., 221 Va. 659, 671 (1980); then quoting Washington v. Commonwealth, 46 Va. App. 276, 283 (2005) (en banc)).

Adopting the interpretation advocated by Bimbo Bakeries would have resulted in RASC being time barred here from filing a claim for the first surgery before the injured claimant, Boyer, even filed his own claim with the Workers' Compensation Commission. RASC received the first (and last) payment for the first surgery on June 12, 2015. RASC received the first (and

last) payment for the second surgery on October 30, 2015. Boyer did not file a claim until June 27, 2016 – more than a year after the last payment for the first surgery.[2] It is apparent, therefore, that the statutory interpretation desired by Bimbo Bakeries would require a health care provider to file a claim with the Workers' Compensation Commission in some instances before the injured claimant even filed his claim, or otherwise the provider's claim would be forever time barred.

According to the plain reading of Code § 65.2-605.1(F)(ii), RASC had one year under subsection (ii) from the date on which the final medical award to the injured claimant was issued to file its claim. The Commission issued an order granting an award to claimant Boyer on July 28, 2017. RASC filed its claim on September 1, 2017 – easily within the one-year deadline for a health care provider to file a claim under this scenario, according to the requirements of subsection (F)(ii) of the statute.

We hold, therefore, that the Commission erred as a matter of law in its interpretation of Code § 65.2-605.1(F). Consequently, given that the statute of limitations does not bar the claim and given that there is no evidence in the record and no argument from Bimbo Bakeries before the Commission (or, consequently, before this Court) that the amount billed by RASC was not reasonable or necessary, we reverse the Commission's decision and remand to the Commission for it to enter an award to RASC of the balance of its unpaid charges – $27,281.09, in addition to interest at the judgment rate as prescribed by Code § 65.2-707.

RASC, on brief, requests attorney's fees incurred in this appeal. Reviewing the entirety of the record on appeal, we do not find that these "proceedings have been brought, prosecuted, or defended without reasonable grounds . . . ." Code § 65.2-713. See also Virginia Polytechnic

---

[2] Workers' Compensation claimants have a two-year deadline from the date of the accident in which to file a claim. Code § 65.2-601.

Inst. v. Posada, 47 Va. App. 150, 167 (2005); Lowes of Short Pump Virginia v. Campbell, 38 Va. App. 55, 62 (2002). The appeal was argued well by both parties, and as noted *supra*, involves an issue of first impression. Consequently, we decline to award attorney's fees.

### III. CONCLUSION

The plain reading of Code § 65.2-605.1(F) is that "if the employer denied or contested payment for any portion of the health care services," the health care provider may file a claim with the Commission within one year of the date on which the relevant medical award becomes final. Subsection (ii) of Code § 65.2-605.1(F) applies here because Bimbo Bakeries, by its express statement objecting to further payment, *did deny or contest payment* for any portion of the health care service provided, and RASC filed its claim within one year of the Commission's award to the injured claimant, Boyer.

For all of these reasons, we reverse the Commission's decision that RASC's claim was time barred and, since Bimbo Bakeries did not put on any evidence to show that the amount billed by RASC was not reasonable or necessary, we remand to the Commission for it to enter an award of $27,281.09 for the balance of RASC's unpaid charges, in addition to interest at the judgment rate as prescribed by Code § 65.2-707.

Reversed and remanded.