COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and O'Brien
Argued by videoconference

ATLANTIC ORTHOPAEDIC SPECIALISTS

v.     Record No. 0977-20-1

CITY OF PORTSMOUTH

OPINION BY
JUDGE RANDOLPH A. BEALES
APRIL 27, 2021

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Philip J. Geib (Philip J. Geib, P.C., on brief), for appellant.

Timothy D. Watson (Midkiff, Muncie & Ross, P.C., on brief), for appellee.

Atlantic Orthopaedic Specialists ("Atlantic Orthopaedic") appeals a decision of the Workers' Compensation Commission ("the Commission") that denied its claim for additional payments from the City of Portsmouth ("Portsmouth") for health care services Atlantic Orthopaedic provided to a Portsmouth employee injured in a workplace accident. On March 8, 2017, the Commission entered an award order for temporary partial disability benefits and lifetime medical benefits for the Portsmouth employee who injured her left knee while at work on January 12, 2017. From January 20, 2017, to June 2, 2017, Atlantic Orthopaedic provided health care services to the employee to address her injury. Atlantic Orthopaedic billed Portsmouth for four dates on which it provided health care services to the employee, but Portsmouth made only partial payments for those four bills. On November 7, 2019, more than two years after Atlantic Orthopaedic received its last payment from Portsmouth and more than two years after the March 8, 2017 award order became final, Atlantic Orthopaedic filed a claim with the Commission seeking the remaining balance of the four bills. The full Commission

PUBLISHED

unanimously held that Atlantic Orthopaedic's November 7, 2019 claim was barred by the one-year statute of limitations under Code § 65.2-605.1(F).

On appeal to this Court, Atlantic Orthopaedic argues that the Commission erred in finding that the statute of limitations under Code § 65.2-605.1(F) barred its November 7, 2019 claim. Atlantic Orthopaedic contends that the Commission erred in concluding that Portsmouth "was not required to prove any compliance with Virginia Code Section 65.2-605.1(A) and (B) as preconditions in order to gain the benefits" of the Code § 65.2-605.1(F) statute of limitations. Atlantic Orthopaedic also argues that the statute of limitations under Code § 65.2-605.1(F)(ii) does not apply to its claim because "there was no medical Award present covering the dates of service sought in accord with Virginia Code Section 65.2-605.1(F)(ii)."

I. BACKGROUND

On January 12, 2017, Mary Shields, an equestrian police officer working for Portsmouth, slipped in the mud and twisted her left knee while walking her horse. She suffered a "left knee medial meniscus tear." In the first week of March 2017, Shields and Portsmouth entered into an award agreement in which Portsmouth agreed to compensate Shields with workers' compensation benefits for her workplace injury. On March 8, 2017, the Commission entered an award order awarding Shields temporary partial disability benefits. The award order also stated, "Lifetime Medical benefits are hereby awarded for reasonable, necessary and authorized medical treatment for the following body parts injured during the Injured Worker's workplace injury of January 12, 2017: Left knee medical [sic] meniscus tear." The award order became final thirty days later on April 7, 2017.

On January 20, 2017, Shields began seeing a doctor at Atlantic Orthopaedic for her injury. Shields went for another appointment on January 27, 2017. On February 20, 2017, Atlantic Orthopaedic performed surgery on her knee. On June 2, 2017, Shields had a follow-up

- 2 -

appointment with Atlantic Orthopaedic after her knee surgery, and the doctor determined that "[s]he has reached maximum medical improvement as of this date, 06/02/17, and she will see me as needed. She is full duty at work without restrictions."

Atlantic Orthopaedic billed Portsmouth for the health care services that Atlantic Orthopaedic provided to Shields on January 20, January 27, February 20, and June 2, 2017. The total amount billed to Portsmouth for those four dates was $3,771, but Portsmouth paid only $3,224.85. On August 14, 2017, Atlantic Orthopaedic received its last payment from Portsmouth for $110.50 for the June 2, 2017 health care service.

On November 7, 2019, more than two years after Atlantic Orthopaedic received its last payment from Portsmouth (and more than two years after the March 8, 2017 award order became final), Atlantic Orthopaedic filed a claim with the Commission seeking full payment for the health care services provided to Shields. Atlantic Orthopaedic claimed that Portsmouth failed to make full payments for health care treatment provided on January 20, January 27, February 20, and June 2, 2017. Atlantic Orthopaedic requested that the Commission make Portsmouth pay the remaining balance of $546.15 for those four bills.

On March 23, 2020, the deputy commissioner ruled that Atlantic Orthopaedic's failure to file its claim within the one-year statute of limitations under Code § 65.2-605.1(F) barred its claim. The deputy commissioner stated that Atlantic Orthopaedic's claim was time barred because it was filed "more than one year from the last date of payment" and "more than one year from the date the medical award became final." On March 24, 2020, Atlantic Orthopaedic filed a request for review by the full Commission.

On August 10, 2020, the full Commission unanimously affirmed the deputy commissioner's ruling that Code § 65.2-605.1(F) barred Atlantic Orthopaedic's claim. The Commission explained:

On appeal, the medical provider maintains that the defendants failed to comply with the provisions of Subsections A and B of Virginia Code § 65.2-605.1, and hence, they cannot benefit from Subsection F. The medical provider argues the defendants "contested" its charges because they did not pay the full charges as billed and the defendants failed to pay bills in the required sixty-day timely manner (services rendered on February 20, 2017). It alleges the defendants failed to provide it with the statutorily required notifications of its remedies. Lastly, the medical provider asserts the March 9, 2017[1] award "provided only for Lifetime Medical benefits" without making any "mention of, or referenced, treatment provided by Atlantic Orthopedics," hence the dates of service never triggered the running of the statute of limitations. [(Citation omitted).] We are not convinced and find no error in the lower determination.

Furthermore, the full Commission stated that "the medical provider argues the defendants detrimentally failed to comply with Subsections A and B. However, the medical provider had the responsibility of timely filing a claim in which to make these assertions." Consequently, the full Commission concluded, "The medical provider could disagree with an alleged underpayment in any fashion - but the Virginia Workers' Compensation Act dictates the time limits within which it must do so."

Atlantic Orthopaedic now timely appeals the opinion of the full Commission to this Court.

## II. ANALYSIS

On appeal, Atlantic Orthopaedic raises four assignments of error. In Assignment of Error I, Atlantic Orthopaedic argues that "[t]he Full Commission erred as a matter of law in its interpretation of Virginia Code Section 65.2-605.1 in finding that the Medical Provider's November 7, 2019 claim is barred by the one year statute of limitations pursuant to Virginia

---

[1] Atlantic Orthopaedic, in its written position statement to the full Commission, asserted that the Commission's award order was entered on March 9, 2017. However, the award order at issue in this case was entered on March 8, 2017.

- 4 -

Code Section 65.2-605.1(F)."  In Assignment of Error II, Atlantic Orthopaedic argues that "[t]he Full Commission erred in applying the statute of limitations to the Provider's November 7, 2019 claim in spite of the fact that there was no medical Award present covering the dates of service sought in accord with Virginia Code Section 65.2-605.1(F)(ii)."  In Assignment of Error III, Atlantic Orthopaedic argues that "[t]he Full Commission erred in finding that the Defendant was not required to prove any compliance with Virginia Code Section 65.2-605.1 (A) and (B) as preconditions in order to gain the benefits of the statute of repose contained within Virginia Code Section 65.2-605.1(F)."  In Assignment of Error IV, Atlantic Orthopaedic argues that "[t]he Full Commission erred in finding that subsections A and B of Virginia Code Section 65.2-605.1 are not linked and had no effect, upon considerations as to whether the Medical Provider's November 7, 2019 claim was barred by the applicable statute of limitation in Virginia Code Section 65.2-605.1(F)."  Atlantic Orthopaedic concedes, "We submit to the Court that Assignments of Error I, II, III and IV can be argued together."  As Atlantic Orthopaedic raises the merits of Assignment of Error III and IV first in its opening brief, we will address those assignments of error first.

   A.  <u>Whether Code § 65.2-605.1(A) and (B) Contain "Preconditions" that Must Be Satisfied Before the Employer May Assert a Statute of Limitations Defense under Code § 65.2-605.1(F)</u>

        Atlantic Orthopaedic's appeal requires this Court to determine whether subsections (A) and (B) of Code § 65.2-605.1 are "preconditions" to an employer raising a statute of limitations defense under Code § 65.2-605.1(F).  The first two subsections of that statute state:

> A. Payment for health care services that the employer does not contest, deny, or consider incomplete shall be made to the health care provider within 60 days after receipt of each separate itemization of the health care services provided.
>
> B. If the itemization or a portion thereof is contested, denied, or considered incomplete, the employer or the employer's workers' compensation insurance carrier shall notify the health care provider within 45 days after receipt of the itemization that the itemization

- 5 -

is contested, denied, or considered incomplete.  The notification shall include the following information:

1. The reasons for contesting or denying the itemization, or the reasons the itemization is considered incomplete;

2. If the itemization is considered incomplete, all additional information required to make a decision; and

3. The remedies available to the health care provider if the health care provider disagrees.

Payment or denial shall be made within 60 days after receipt from the health care provider of the information requested by the employer or employer's workers' compensation carrier for an incomplete claim under this subsection.

Code § 65.2-605.1.  The language of Code § 65.2-605.1(F) reads:

No health care provider shall submit a claim to the Commission contesting the sufficiency of payment for health care services rendered to a claimant after July 1, 2014, unless (i) such claim is filed within one year of the date the last payment is received by the health care provider pursuant to this section or (ii) if the employer denied or contested payment for any portion of the health care services, then, as to that service or portion thereof, such claim is filed within one year of the date the medical award covering such date of service for a specific item or treatment in question becomes final.

"The interpretation of a statute is a question of law, which the appellate court reviews *de novo*."  Bryant v. Commonwealth, 67 Va. App. 569, 575 (2017), aff'd, 295 Va. 302 (2018).  In interpreting Code § 65.2-605.1, we adhere to the well-established rules of statutory construction.  "The Virginia Supreme Court has long held that 'when analyzing a statute, we must assume that "the legislature chose, with care, the words it used . . . and we are bound by those words as we [examine] the statute."'"  Eley v. Commonwealth, 70 Va. App. 158, 163 (2019) (alteration and omission in original) (quoting Doulgerakis v. Commonwealth, 61 Va. App. 417, 420 (2013)).  "Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'"  Chapman v. Commonwealth, 56 Va. App. 725, 732 (2010) (alteration in original) (quoting Dionne v. Southeast Foam Converting

& Packaging, Inc., 240 Va. 297, 304 (1990)). Consequently, "'[w]hen considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling' and determines the legislature's intention from the plain language of the statute, 'unless a literal construction would involve a manifest absurdity.'" Id. (quoting Alston v. Commonwealth, 49 Va. App. 115, 124 (2006)). Furthermore, "[p]roper construction seeks to harmonize the provisions of a statute both internally and in relation to other statutes." McGowan v. Commonwealth, 72 Va. App. 513, 518 (2020) (quoting Hulcher v. Commonwealth, 39 Va. App. 601, 605 (2003)).

Subsections (A) and (B) of Code § 65.2-605.1 outline procedures that the employer must follow after it receives a bill for health care services from the health care provider, and subsection (F) contains a statute of limitations limiting the health care provider's ability to file a claim with the Commission contesting the sufficiency of the employer's payment. Atlantic Orthopaedic argues that the Commission erred in its finding that there was "no nexus or relationship" between the statute of limitations under Code § 65.2-605.1(F) and subsections (A) and (B) of Code § 65.2-605.1. Atlantic Orthopaedic contends that subsections (A) and (B) of Code § 65.2-605.1 contain "preconditions" that the employer must follow before the employer can raise a statute of limitations defense under subsection (F). Atlantic Orthopaedic argues that, because Portsmouth contested the bills for the health care services but failed to provide "the required notification" under subsection (B) for contesting the bills, Portsmouth cannot rely on a statute of limitations defense under subsection (F) against Atlantic Orthopaedic's November 7, 2019 claim. In addition, Atlantic Orthopaedic contends that Portsmouth failed to comply with subsection (A) because Portsmouth failed to make its payment for the February 20, 2017 health care service within the sixty-day window under that subsection. Atlantic Orthopaedic, therefore,

argues that Portsmouth's non-compliance under subsection (A) for that payment bars Portsmouth from raising a statute of limitations defense under subsection (F).

This Court is not persuaded by Atlantic Orthopaedic's interpretation of Code § 65.2-605.1. While the employer is required to follow the procedures under subsections (A) and (B) of Code § 65.2-605.1 after receiving bills for health care services, Code § 65.2-605.1 does *not* contain any language predicating the employer's ability to raise a statute of limitations defense under Code § 65.2-605.1(F) on the employer's compliance with subsections (A) and (B). The health care provider certainly could file a claim regarding the employer's failure to adhere to subsections (A) and (B) of Code § 65.2-605.1. Furthermore, it could seek interest under Code § 65.2-605.1(C) on those payments that were not timely made. However, any of those claims must be filed within the statutory time frame set out in Code § 65.2-605.1(F). In short, regardless of the employer's compliance with subsections (A) and (B), the General Assembly mandates that the health care provider file the claim within the one-year statute of limitations under Code § 65.2-605.1(F).

If the General Assembly had intended to make an employer's compliance with subsections (A) and (B) of Code § 65.2-605.1 a mandatory condition of the employer's right to raise a statute of limitations defense under subsection (F), then it could have included language making compliance a pre-condition, as it has done in other sections of the Workers' Compensation Act. For example, in Code § 65.2-602, the General Assembly expressly identified conditions that must be met before the statute of limitations for an employee to file a claim with the Commission will begin to run. See Code § 65.2-602 ("In the case where the employer has failed to file a first report, the statute of limitations shall be tolled during the duration thereof until the employer filed the first report of accident as required by § 65.2-900."). Similarly, in Code § 65.2-405(B), the General Assembly included a provision expressly providing that "the

statute of limitations provided under subdivision A 1 of § 65.2-406 shall be tolled until the employer gives the employee notice." These code sections establish that the General Assembly certainly, of course, knows how to make the fulfillment of a certain condition a prerequisite to the running of a statute of limitations.

The General Assembly's decision not to include any language in subsections (A), (B), or (F) of Code § 65.2-605.1 stating that the employer must comply with subsections (A) and (B) before the statute of limitations under subsection (F) can apply illustrates that the General Assembly did not intend for those subsections to be preconditions to the statute of limitations set forth in subsection (F). See Barr v. Town & Country Properties, Inc., 240 Va. 292, 295 (1990) ("We must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute."). Consequently, the Commission did not err in holding that Portsmouth can here raise a statute of limitations defense under Code § 65.2-605.1(F).[2]

B. Whether the Commission Erred in Determining that the March 8, 2017 Award Order Applies to Atlantic Orthopaedic

Atlantic Orthopaedic argues that, even if Code § 65.2-605.1 does not include "preconditions" for raising a statute of limitations defense under subsection (F), the statute of

---

[2] This Court's holding today does *not* suggest that an employer cannot face consequences if it fails to follow the requirements of subsections (A) and (B) of Code § 65.2-605.1. Code § 65.2-605.1(C) states, "Payment due for any properly documented health care services that are neither contested within the 45-day period nor paid within the 60-day period, *as required by this section*, shall be increased by interest at the judgment rate of interest as provided in § 6.2-302 retroactive to the date payment was due under this section." (Emphasis added). In its brief, Atlantic Orthopaedic contends that Portsmouth's failure to submit payment for the February 20, 2017 health care service within the sixty-day window mandated under subsection (A) requires Portsmouth to make interest payments under subsection (C) for that bill. A plain reading of the statute demonstrates that, under Code § 65.2-605.1(C), the health care provider is entitled to interest payments from the employer if the employer fails to comply with subsections (A) and (B) of Code § 65.2-605.1. However, as discussed *supra*, such a claim must be filed before the expiration of the statute of limitations under Code § 65.2-605.1(F).

limitations under Code § 65.2-605.1(F)(ii) does not apply to its claim because the health care services it provided to Shields "were never the subject of any specific medical Award."  Code § 65.2-605.1(F)(ii) states that the claim is barred as untimely unless, "if the employer denied or contested payment for any portion of the health care services, then, as to that service or portion thereof, such claim is filed within one year of the date the medical award covering such date of service *for a specific item or treatment in question becomes final*."  (Emphasis added).  Atlantic Orthopaedic states, "That Award entered in March 2017 did not refer to any 'specific item' or the 'specific treatment' of the claimant rendered by the Provider."  Atlantic Orthopaedic further contends that, because the award order does not specifically list Atlantic Orthopaedic as the health care provider for those lifetime medical benefits, the health care services it provided are not subject to the March 8, 2017 award order, and, therefore, Portsmouth cannot raise a statute of limitations defense under Code § 65.2-605.1(F)(ii).

In this case, the March 8, 2017 award order states, "Lifetime Medical benefits are hereby awarded for reasonable, necessary and authorized medical treatment for the following body parts injured during the Injured Worker's workplace injury of January 12, 2017: Left knee medical [sic] meniscus tear."  A plain reading of Code § 65.2-605.1(F)(ii) and the award order demonstrates that the health care services Atlantic Orthopaedic provided to Shields are covered by the March 8, 2017 award order.  That award order awards lifetime medical benefits for a "specific item or treatment" – i.e., medical treatment of the compensable injury to Shields's left knee.  Atlantic Orthopaedic's interpretation of Code § 65.2-605.1(F)(ii) would negate the purpose of the Commission's award of "lifetime medical benefits."[3]  Its argument would require

---

[3] The Commission routinely enters award orders for lifetime medical benefits for employees with compensable workplace injuries where such an award is appropriate for the injuries at issue.  See, e.g., United Parcel Serv., Inc. v. Ilg, 54 Va. App. 366, 369 (2009) ("The award order provides that, 'Lifetime Medical benefits are hereby awarded for reasonable,

- 10 -

the Commission to list on the award order all health care providers that Shields may need to visit, placing an impossible burden on the Commission to anticipate every provider Shields might need to visit to receive medical care for her compensable injury – even if such a service is necessary many years in the future. Instead, the plain language of the lifetime medical benefits provision of the March 8, 2017 award order covers all treatment Shields will need from health care providers to address that specific injury for the remainder of her life. Therefore, the award order covers the health care services Atlantic Orthopaedic provided to Shields on the four dates at issue to address her left knee medial meniscus tear, which included surgery for that injury.

As there is no dispute that the March 8, 2017 award order is the final award order entered by the Commission in this matter and as there is no dispute concerning whether the treatment provided to Shields was "reasonable, necessary and authorized," we hold that the March 8, 2017 award order covers the health care services that Atlantic Orthopaedic provided to Shields, and therefore, that the statute of limitations under Code § 65.2-605.1(F)(ii) applies to its November 7, 2019 claim.

C. Whether Atlantic Orthopaedic's November 7, 2019 Claim Is Barred by the Statute of Limitations under Code § 65.2-605.1(F)

Atlantic Orthopaedic was required to comply with the statute of limitations under Code § 65.2-605.1(F) when filing its November 7, 2019 claim "contesting the sufficiency of payment

_____

necessary and authorized medical treatment causally related to the 2/12/2007 injury.'"); see also Stanfield v. City of Hampton Fire & Rescue, 31 Va. App. 240, 241 (1999) ("[T]he commission awarded Stanfield [the employee] lifetime medical benefits for treatment related to the compensable injury."). Furthermore, this Court has previously treated an award from the Commission for lifetime medical benefits as a "medical award" subject to Code § 65.2-605.1(F)(ii). See Roanoke Ambulatory Surgery Ctr. v. Bimbo Bakeries, 69 Va. App. 675, 678, 683 (2019) (holding that a health care provider's claim was timely filed under Code § 65.2-605.1(F)(ii) where the claim was filed within one year of the date that the employee's award order for "lifetime medical benefits for treatment of his right shoulder rotator cuff injury" became final).

- 11 -

for health care services rendered to a claimant." Code § 65.2-605.1(F)(i) requires that a health care provider file a claim with the Commission "within one year of the date the last payment is received by the health care provider pursuant to this section." Code § 65.2-605.1(F)(ii) requires that a claim be filed with the Commission "if the employer denied or contested payment for any portion of the health care services, then, as to that service or portion thereof, such claim is filed within one year of the date the medical award covering such date of service for a specific item or treatment in question becomes final."

In this case, the March 8, 2017 award order granting Shields lifetime medical benefits for her injury sustained while working for Portsmouth became final on April 7, 2017. Atlantic Orthopaedic last received payment from Portsmouth for the health care services at issue in this case on August 14, 2017. Atlantic Orthopaedic filed its claim with the Commission on November 7, 2019.

As a result, Atlantic Orthopaedic's November 7, 2019 claim is time barred by Code § 65.2-605.1(F). The claim is barred under subsection (F)(i) because Atlantic Orthopaedic failed to file the claim by August 14, 2018, which is one year after Atlantic Orthopaedic last received payment from Portsmouth on August 14, 2017. In addition, the claim is barred under subsection (F)(ii) because the last day for Atlantic Orthopaedic to file that claim under subsection (F)(ii) was April 7, 2018, which is one year after the March 8, 2017 award order became final on April 7, 2017. Consequently, because neither avenue under Code § 65.2-605.1(F) is available to allow the claim to go forward, the Commission did not err when it determined that the statute of limitations under Code § 65.2-605.1(F) barred Atlantic Orthopaedic's November 7, 2019 claim.

### III. CONCLUSION

In short, the General Assembly did not include any language in Code § 65.2-605.1 that requires the employer to satisfy subsections (A) and (B) as a prerequisite to raising a statute of

- 12 -

limitations defense under Code § 65.2-605.1(F). The General Assembly certainly could have included language in subsections (A) and (B) requiring compliance with these subsections as an absolute condition to the employer asserting a statute of limitations defense under subsection (F), but no such mandatory language exists in Code § 65.2-605.1 – in contrast to other sections of the Workers' Compensation Act. See Code §§ 65.2-405; 65.2-602. Consequently, the health care provider can file a claim "contesting the sufficiency of payment" by the employer under subsections (A) and (B) of Code § 65.2-605.1, but it must do so within the one-year statute of limitations established under Code § 65.2-605.1(F).

In this case, the Commission entered an award order on March 8, 2017, granting Mary Shields lifetime medical benefits for her January 12, 2017 compensable injury sustained to her left knee while working for Portsmouth. That award order became final on April 7, 2017. Atlantic Orthopaedic provided health care services for Shields's injury beginning in January 2017 and ending in June 2017. Atlantic Orthopaedic received its last payment for those health care services from Portsmouth on August 14, 2017. Portsmouth did not pay for $546.15 of the total $3,771 billed. On November 7, 2019 – more than two years after Atlantic Orthopaedic received its last payment from Portsmouth and more than two years after the March 8, 2017 award order became final – Atlantic Orthopaedic filed a claim with the Commission seeking that remaining balance. The Commission unanimously ruled that Code § 65.2-605.1(F) barred the claim because Atlantic Orthopaedic failed to file the claim before the one-year statute of limitations had run.

The March 8, 2017 award order granting lifetime medical benefits for the left knee injury to Shields certainly covered each of the medical treatments and health care services that were provided to her by Atlantic Orthopaedic from January 20, 2017 to June 2, 2017, as all the treatments were for the specific compensable injury listed in the award order. Consequently, the

Commission did not err in its opinion that Code § 65.2-605.1(F) barred Atlantic Orthopaedic's November 7, 2019 claim because neither avenue under Code § 65.2-605.1(F) is available to allow the claim to go forward. Atlantic Orthopaedic's claim is time barred under Code § 65.2-605.1(F)(i) because Atlantic Orthopaedic failed to file its claim by August 14, 2018, which is one year after it last received payment from Portsmouth on August 14, 2017. In addition, Code § 65.2-605.1(F)(ii) bars Atlantic Orthopaedic's claim because it was not filed by April 7, 2018, which is one year after the March 8, 2017 award order became final on April 7, 2017.

For all of these reasons, we affirm the decision of the Workers' Compensation Commission.

Affirmed.